The Board of Commissioners of Hamilton County *v.* Newlin *et al.*

Filed May 23, 1892.

———————◆———————

No. 15,359.

THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY *v.*
NEWLIN ET AL.

GRAVEL ROAD.—*Construction of.—Extra Services Rendered by Contractor.—Liability of County Commissioners for.*—Where a board of county commissioners entered into a contract with the appellees to construct a free gravel road, and the work was completed according to the contract, but during its progress the appellees, at the request of the board, performed extra services not embraced in the contract, the extra work being required by reason of changes made by the board and its engineer, an action may be maintained against the board for the value of such extra services. *Board, etc., v. Fahlor,* 114 Ind. 176, distinguished.

SAME.—*Evidence.—Acceptance of Work by Engineer.*—It was proper for the appellees to prove that the engineer had accepted the road, since the contract provided for its acceptance by him, and his certificate was competent evidence of acceptance.

CONTRACT.—*Recovery Under Written and Oral Contracts.*—Where work is done in part under a written contract and in part under an oral one, the recovery may be upon the written contract as to the part of the work under it, and for the part done under the verbal contract the recovery may be upon that contract.

VERDICT.—*General.—Answers to Interrogatories.*—A party is not entitled to judgment on the answers to special interrogatories unless there is an irreconcilable conflict between the general verdict and the answers. The fact or facts must overthrow the general verdict, or the judgment must

be given upon it, for the reason that mere conclusions of law are ineffective.

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis* and *W. F. Christian,* for appellant.

*G. Shirts* and *M. Vestal,* for appellees.

ELLIOTT, J.—The appellees allege in the first paragraph of their complaint that they entered into a contract with the appellant to construct a free gravel road; that they performed their part of the contract, and estimates were duly issued to them by the engineer; that the appellant issued and sold bonds to secure funds to pay the cost of constructing the road; that it has the avails of the sale of bonds in its hands.  The second paragraph contains substantially the same allegations as those we have outlined, but it also contains additional averments.  The substance of the additional averments is this: That the plaintiffs completed the work according to the contract and to the satisfaction of the engineer; that in peforming the work, and at the request of the engineer and of the appellant, the plaintiffs performed extra services not embraced in the contract; that the extra work was required by changes made by the appellant and its engineer.  The items of the extra work are fully and specifically set forth.

The second paragraph of the complaint is assailed upon the ground that the board of commissioners had no authority to change the contract.  We regard it as exceedingly doubtful whether, in any case, the board, having ordered and required a change in a contract, is in a situation to defeat a contractor who has obeyed its orders and requirements.  It certainly can not be permitted in such a case as this to repudiate its own acts at the expense of the contractor who has done what it exacted of him and what its engineer required.  Whether there could be an entire or radical change of the contract or a complete departure from it is not here the

question, for the complaint avers that the work contracted for was performed according to the contract, so that the only question is as to the right to compensation for extra work. It has been held that, even where cost of an improvement is to be paid directly by property owners, the municipal authorities have some discretion as to directing changes in the contract or in the mode of doing the work, and, as shown in the cases referred to, this discretion must necessarily exist or the work may become utterly valueless because of some unforeseen cause. *Sims* v. *Hines*, 121 Ind. 534, and cases cited; *Board, etc.,* v. *Silvers*, 22 Ind. 491; *Ross* v. *Stackhouse*, 114 Ind. 200 (203). See authorities cited in Elliott Roads and Streets, 414. There are, however, statutory provisions bearing directly upon this question, and it has been repeatedly held that under these provisions extra work may be paid for in cases where it becomes necessary and is properly ordered. *Board, etc.,* v. *Fullen*, 111 Ind. 410; *Spidell* v. *Johnson*, 128 Ind. 235; *Martin* v. *Neal*, 125 Ind. 547, 555; *Rogers* v. *Voorhees*, 124 Ind. 469, 471; *Board, etc.,* v. *Fullen,* 118 Ind. 158; *Board, etc.,* v. *Hill,* 115 Ind. 316; *Board, etc.,* v. *Fahlor*, 114 Ind. 176.

It is true, as has been often affirmed by our decisions, that the claim of the contractor does not constitute a general debt of the county. *Strieb* v. *Cox,* 111 Ind. 299; *Vigo Tp.* v. *Board, etc.,* 111 Ind. 170; *Spidell* v. *Johnson, supra.*

But while this is true, it is also true that where the contractor shows that the board made a contract with him, that he performed his part of the contract, and that the board refused payment of the sum due, a *prima facie* case is stated. *Board, etc.,* v. *Hill, supra.* The board is an immediate party to the contract, and as such may be sued for a breach, and all that is incumbent on the plaintiff to do is to state such facts as constitute a cause of action upon the contract. If there is any defence, it must be affirmatively pleaded.

We have no such question concerning notice as was pre-

sented in *Board, etc.,* v. *Fahlor, supra,* for here the action is upon the contract against one of the contracting parties, while in that case the proceeding was one in which it was sought to enforce an assessment against the land-owner.

The appellant asserts that the trial court erred in denying its motion for judgment upon the answers returned by the jury to interrogatories. It is well settled that a party is not entitled to judgment on the answers to the special interrogatories unless there is an irreconcilable conflict between the general verdict and the answers. It is also settled that, as the general verdict covers the entire issue, or issues, in the case, judgment must go upon the general verdict unless the answers contain some fact, or facts, overthrowing the general verdict upon all the material issues. *Pea* v. *Pea,* 35 Ind. 387; *Kealing* v. *Voss,* 61 Ind. 466. If, therefore, there is no irreconcilable conflict between the special answers and the general verdict, the motion of the appellant was not well taken, nor was it well taken unless the facts stated overthrow the general verdict upon all the material issues. We say the fact, or facts, must overthrow the general verdict or the judgment must be given upon it, for the reason that mere conclusions of law are ineffective. Special facts, and not conclusions, are of controlling effect. See authorities cited in Elliott's Appellate Procedure, section 651, note 4; section 752, note 4.

Assuming for the present (what we think can not be validly assumed) that both the paragraphs count on the written contract entirely, still the general verdict must stand. The answer that the appellees did "not perform the work substantially according to the contract," is a conclusion involving matters of law, and can not be assigned a controlling effect. The specific answer that the appellees did not construct the road of smooth grade and of the width of twelve feet does not necessarily override the general verdict, inasmuch as it may be true that the work was better done than the contract required, and hence the general verdict is right, because the

appellant suffered no injury. But if we are wrong in this statement, still, the general verdict can not be regarded as overthrown, for if the engineer received the work and estimated it, his estimate would stand unless fraud or mistake is shown. *McCoy* v. *Able,* 131 Ind. 417 ; *Linville* v. *State, ex rel.,* 130 Ind. 210.

We are satisfied that the whole theory of the appellant as to its right to judgment upon the answers to interrogatories is wrong, for it proceeds upon the assumption that both paragraphs are based upon the written contract. This theory opposes the settled doctrine that where work is done in part under a written contract and in part under an oral one, the recovery may be upon the written contract as to the part of the work done under it, and for the part done under the verbal contract the recovery may be upon that contract. *Wolcott* v. *Yeager,* 11 Ind. 84 ; *Everroad* v. *Schwartzkopf,* 123 Ind. 35 (38), and cases cited. It is unnecessary to inquire or decide how far the rule asserted in the case last cited can apply to such a case as this, for it is sufficient to affirm that, whatever may be its limitations, it extends far enough to authorize a recovery upon the contract set forth in the second paragraph of the complaint. The contract pleaded shows a legal liability for the reasonable value of the work done under it, and states a *prima facie* cause of action. As there is a verbal contract clearly authorizing a recovery for the reasonable value of the extra work ordered and accepted by the appellant, there was no right to judgment upon the answers against the general verdict, inasmuch as the answers do not so far cover all the material issues as to exclude the effect of the general verdict.

The court did right in permitting the appellees to introduce in evidence the certificate and estimates of the engineer. It was proper for the appellees to prove that the engineer had accepted the work, since the contract provided for its acceptance by him, and his certificate was competent evidence of acceptance.

What we have said in considering the motion for judgment and the complaint disposes of all the questions made upon the instructions.

Judgment affirmed.

