## JOHNSON v. CITY OF INDIANAPOLIS ET AL.

### [No. 21,500. Filed November 29, 1910.]

1. MUNICIPAL CORPORATIONS.—*Boundaries.—Annexation of Territory.—Evidence.*—Under §8896 Burns 1908, Acts 1905 p. 219, §242, city councils may, by ordinance, declare and define the corporate boundaries of cities, and annex contiguous platted or unplatted land, and a certified copy of such ordinance constitutes conclusive proof of such boundary or annexation. p. 695.

2. MUNICIPAL CORPORATIONS.—*Annexation.—Ordinances.—Publication of.—Appeal.*—Under §8896 Burns 1908, Acts 1905 p. 219, §242, annexation ordinances are not required to be published until after the passage thereof, and, under §8897 Burns 1908, Acts 1905 p. 219, §243, any aggrieved person may appeal therefrom within ten days after the last publication. p. 696.

3. MUNICIPAL CORPORATIONS.—*Annexation.—Ordinances. — Failure to Publish.—Effect.*—The failure to publish an annexation ordinance, as required by §8896 Burns 1908, Acts 1905 p. 219, §242, does not affect the jurisdiction of the council in the passage thereof, but may render the ordinance inoperative until the proper publication is made. p. 697.

4. MUNICIPAL CORPORATIONS.—*Sewer Assessments.—Collateral Attack.—Annexation of Territory.*—A suit to enjoin a city from levying a sewer assessment against plaintiff's land on the ground that the ordinance annexing his land is void, constitutes a collateral attack on such annexation proceedings and can prevail only where the ordinance is shown to be void, all presumption being in favor of the regularity of the annexation proceedings. p. 697.

5. STATUTES.—*Construction.—Aids to.*—In construing a statute, the intent of the legislature is the object sought; and in determining such intent, the entire statute, as well as other acts *in pari materia*, whether repealed or not, and whether passed before or after the act in question, will be considered. p. 699.

6. MUNICIPAL CORPORATIONS.—*Annexation.—Ordinances.—Publication.—Statutes.*—Section 8896 Burns 1908, Acts 1905 p. 219, §242, providing that annexation ordinances "shall be published for at least two consecutive weeks in a daily newspaper," when construed with other sections of the same act providing for publication one time each week for a certain number of weeks, and with §1346 Burns 1908, Acts 1889 p. 431, §3, providing that where publication is required for a certain number of weeks, a publication "one time each week" shall be sufficient, must be construed to mean a publication once a week for two consecutive weeks. p. 699.

7.   MUNICIPAL CORPORATIONS. — Annexation. — Collateral Attack.—
     Appeal.—A landowner whose land was annexed to a city and
     who failed to exercise his right of appeal (§8897 Burns 1908,
     Acts 1905 p. 219, §243), cannot question such annexation in a
     suit to enjoin a threatened sewer assessment.  p. 702.
8.   MUNICIPAL CORPORATIONS.—Annexation.—Discretion of Council.
     —Judicial Control.—Where the statute gives city councils discre-
     tionary powers over annexation of territory, such discretion will
     not be judicially interfered with except in case of fraud.  p. 703.
9.   MUNICIPAL CORPORATIONS. — Sewer Assessments. — Evidence. —
     Decision.—Collateral Attack.—The right of a board of works to
     determine whether the benefits to be derived from the construc-
     tion of a sewer will equal the cost thereof, implies a right to de-
     cide wrong as well as right; and its decision, though wrong, is
     not subject to a collateral attack.  p. 703.
10.  MUNICIPAL CORPORATIONS.—Sewer Assessments.—Evidence.—In
     determining whether the benefits to be derived from the construc-
     tion of a sewer are equal to the cost thereof, the board of works
     is not absolutely bound by the testimony of interested landown-
     ers, but may exercise its own honest judgment.  p. 704.

From Superior Court of Marion County (74,571); *Charles
T. Hanna,* Judge.

Suit by Charles E. Johnson against the City of Indianapo-
lis and others.  From a judgment for defendants, plaintiff
appeals.  *Affirmed.*

*Harding & Hovey* and *O. U. Newman,* for appellant.
*Frederick E. Matson* and *Edmund B. Walker,* for
appellees.

JORDAN, J.—Action by appellant against the city of In-
dianapolis, its mayor, and the members of its board of
public works, to enjoin them from proceeding to construct
a certain sewer, and also to enjoin them from levying an
assessment to defray the costs of the improvement against
the land of appellant, which is situated within the taxing
district.  Appellees' several demurrers for want of facts
were sustained to the complaint, and, appellant having
elected to stand upon his complaint, judgment was rendered
against him on demurrer.  He appeals, and assigns error on
the ruling of the court in sustaining the demurrers.

The complaint discloses the name of the mayor of said city and the name of the several persons constituting its board of public works. Plaintiff further alleges that he is the owner in fee simple of real estate situated in Marion county, State of Indiana; that his land has never been platted, that the lands adjacent thereto have not been platted or held for sale as town lots, and have never been placed on the market for sale as town property; that he and his family have resided for many years in a dwelling upon his land, and have during all said years and do now, depend upon the cultivation thereof for a livelihood, and it is not now, nor has it been, his intention to subdivide his land, or to offer it for city purposes. It is alleged that on December 3, 1906, the common council of said city of Indianapolis passed an ordinance, whereby it attempted to annex to the city certain territory lying east thereof, which embraced the land owned by appellant and which is here in controversy; that the common council of said city of Indianapolis in making said annexation did not exercise the legislative authority conferred upon it by §242 of the towns and cities act of 1905 (Acts 1905 p. 219, §8896 Burns 1908) in a reasonable manner, but that said action of the council was unreasonable in this, to wit: That the east line of said territory so embraced in said alleged annexation ordinance is distant more than seven thousand feet from the east boundary line of the city as theretofore established, and said territory so attempted to be annexed to the city embraced more than five hundred acres of unplatted farm land which has never been used otherwise than for grazing, agricultural and horticultural purposes; that said annexation ordinance was passed by the common council of said city in order to bring said land into the corporate limits so that it could be assessed by the city authorities for the construction of what is known as "an intercepting sewer," which is proposed to be constructed from the east end of what is known as the East Michigan street sewer northwardly through the east end of said city

to East Tenth street; that the action of the common council in passing such annexation ordinance was not a reasonable exercise of the authority conferred by §8896, *supra,* but that it was an unreasonable and unwarranted exercise of the authority conferred by said section, and that it should be set aside and held for naught; that no adequate notice of the passage of the alleged ordinance has ever been given, and that it was not "published for at least two consecutive weeks in a daily newspaper of general circulation published in" said city of Indianapolis, as provided by §8896, *supra,* but that the pretended ordinance was published for two days only in The Indianapolis Sun, which publications were made only in the issues of said newspaper of December 12, 1906, and December 19, 1906, whereas, it is alleged, that by the provisions of the law it was necessary that the publication of such ordinance should be made daily during at least two consecutive weeks; that by reason of the failure of said city so to publish said ordinance each day for two consecutive weeks, said pretended ordinance is unlawful and of no force or effect.

The complaint further proceeds to show that the board of public works of the city of Indianapolis, in August, 1907, adopted a resolution declaring the necessity, and ordering the construction of an intersecting sewer, commencing at the east end of what is known as the East Michigan street sewer; that an estimate was made by the city engineer in respect to the cost of the sewer in accordance with said resolution adopted by the board, and that the board of public works has caused to be prepared a map showing the boundary lines thereof, the total area, subject to be assessed for the construction thereof, as provided by section 117 of said act of 1905 (§8722 Burns 1908), and that said map as so prepared shows that the plaintiff's land and a great part of the other lands within the aforesaid territory attempted to be annexed are embraced within the district so to be assessed for the construction of said proposed sewer; that plaintiff and other

owners of land within said territory so annexed, and which is embraced within the taxing district proposed to be assessed to raise money for the payment of the construction of said improvement, appeared before said board of public works and remonstrated against the passing of any resolution to establish any such sewer, and introduced much evidence to show that the special benefits to the several lots and parcels of land within such area will not be equal to the estimated cost of the sewer, and that all the evidence introduced in said matter before the board of public works tended to prove the negative of such question, and no evidence was heard by said board of public works tending in any way to prove the affirmative of said question; that notwithstanding all this, said board "arbitrarily," "wrongfully," "fraudulently" and in opposition to all the evidence introduced on the matter, determined said question against plaintiff and the other landowners; that the board has advertised to receive bids for the construction of said sewer in accordance with the resolution which it adopted, and it is alleged that unless the board is restrained by order of the court it will on October 7, 1907, receive bids, and enter into a contract for the construction of the sewer, and that there will be entered against the real estate of plaintiff assessment liens that will be illegal and excessive in amount. Wherefore, plaintiff prays for a temporary restraining order, and, upon a final hearing of the cause, that said defendants and each of them be forever enjoined from constructing said sewer.

Section 8896, *supra,* of the governing act pertaining to cities and towns, invests the common councils of cities with the power to declare and define by ordinance the entire corporate boundaries of the city, and provides 1. that such ordinance, properly certified, shall be conclusive evidence in any court or proceeding of such boundaries, except as provided in the next section. It is further provided by this section that the "common council may, also, by separate ordinance, not purporting to define the

entire boundaries of such city, annex contiguous territory, whether platted or not, to such city, and a certified copy of such ordinance shall be conclusive evidence in any proceeding that the territory therein described was properly annexed and constitutes a part of such city, except as provided in the next section. *Immediately after the passage of every such ordinance as is provided for in this section, the same shall be published for at least two consecutive weeks in a daily newspaper of general circulation published in such city.*" (Our italics.)

By §243 of said act (§8897 Burns 1908) it is provided that "whenever such territory is annexed to such city as provided in the foregoing section, whether by general

2. ordinance defining the city boundaries, or by special ordinance for the purpose of annexing territory, and such territory so sought to be annexed is unplatted ground, or lies within the corporate limits of any other town or city, an appeal may be taken from such annexation by one or more persons deeming himself or themselves aggrieved, or injuriously affected, filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated within ten days after the last publication provided for in the preceding section; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place." Notice of appeal is required to be given to the proper officers of the city seeking to make the annexation, and the city is to be made a defendant in the appeal. Continuing, the section provides that "the court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce relevant to the issue." It is evident that the publication of an annexation ordinance is not by the provisions of §8896, *supra,* made a condition precedent to its passage, or,

in other words, it is not required to be first published before it can legally be adopted by the common council; but publication is merely made a condition subsequent to its passage, the very purpose of such publication is to notify property owners, and others concerned, that the lands described in the ordinance have been annexed to and made a part of the city's territory. This is made evident by §8897, *supra,* which provides that the appeal therein awarded to the superior or circuit court of the county is to be taken "within ten days after the last publication provided for in the preceding section."

A failure to publish the ordinance as required could not affect the jurisdiction or power of the common council in the adoption thereof, but the effect of a failure legally

3. to publish the ordinance possibly would be to render it inoperative until the required publication had been made. The points upon which counsel for appellant rely for reversal of the judgment of the lower court are as follows: "(1) The board of public works of the city of Indianapolis could not legally let the contract for the construction of the sewer in question so as to create a lien on plaintiff's land and the other land described in the complaint for the cost thereof, because the land had never been legally annexed to the city. (2) The board of public works of the city of Indianapolis could not lawfully decide that a contemplated public improvement will be of benefit to property affected thereby, when all the evidence is that it will be of no benefit. (3) The board of public works belongs to the administrative or ministerial department of the city government, and its acts can be inquired into by a court to determine whether certain facts exist which call for the exercise of discretion on the part of such board."

It is manifest that appellant's attack on the annexation proceedings of the common council and the proceed-

4. ing of the board of public works, in constructing the sewer in question, is collateral, and all presumptions

must be indulged in favor of the acts of these tribunals. This action cannot be maintained unless it is apparent upon the face of the proceedings of the common council that it had no power to annex the territory in question. *Featherstone* v. *Small* (1881), 77 Ind. 143; *Lake Erie, etc., R. Co.* v. *City of Alexandria* (1899), 153 Ind. 521, and authorities cited; *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370; *DePuy* v. *City of Wabash* (1892), 133 Ind. 336. The position, however, assumed by counsel for appellant, is that under the facts alleged in the complaint the ordinance adopted by the common council in 1906, for the purpose of bringing within the city limits the contiguous territory in question, was invalid, because it was adopted by the council without a compliance with the requirement of §8896, *supra*, in regard to its publication; hence, it is insisted that an attempt to annex the lands in controversy was futile and of no effect, and they still remain outside the corporate limits of the city of Indianapolis, and therefore the board of public works has neither power nor authority under §8722, *supra*, to construct a sewer thereover, nor to assess them for the cost of such improvement. The particular invalidity imputed to the ordinance is that, under the averments of the complaint, it is disclosed that it was published each week in but one issue only of a daily paper during the two consecutive weeks; the contention being that under the provisions of §8896, *supra*, embraced in italics, it was required to be published in each daily issue of the paper during the prescribed period of publication. In upholding the publication of the ordinance, opposing counsel refer us to an act passed by the legislature in 1889 (Acts 1889 p. 431, §§1344-1346 Burns 1908). The first section in this act provides: "That in all cities containing a population of 10,000 or more inhabitants, as shown by the last preceding census, all legal advertising required by law, pertaining to affairs connected with the city government. shall be made in a daily newspaper of general circulation in such city, if one

be published in said city." Section three of this act (§1346, *supra*), declares that "it shall be sufficient to make such publication one time each week on a given day for the number of weeks now required by law," etc. It is claimed by counsel that the provisions of this latter act control the question, and that a publication of the ordinance in controversy "one time each week" during the prescribed two consecutive weeks is therefore sufficient. Appellant's counsel, in response to this contention, insist that the act of 1889, *supra,* falls within the purview of the cities and towns act of 1905, *supra,* and therefore must be held to be repealed by §272 of that act (§9016 Burns 1908), which declares that "all former laws within the purview of this act &ast; &ast; &ast; are hereby repealed." From the conclusion, however, which we have reached, it is not essential that we here determine the controverted question in respect to the repeal of the act of 1889, *supra.*

Section 8896, *supra,* being silent in respect to the number of times an annexation ordinance shall be published each week in a daily paper, the section may be said to be

5. open to judicial construction or interpretation. In construing a statute, the purpose of the court is to discover the intention of the legislature. For such purpose an examination of the entire statute, as well as parts thereof, may be resorted to in order to discover the legislative intent. Acts of the legislature *in pari materia,* passed either before or after the enactment of the statute under interpretation, and whether repealed or unrepealed, may be referred to and considered in order to discern the legislative intent. These are well-settled rules pertaining to the construction or interpretation of statutes.

Guided by these rules, we may turn to an examination of the act of which section 242 is a part, and we find that section ninety-seven thereof (§8700 Burns 1908), in

6. providing for the giving of notice by the board of public works in condemnation proceedings, declares

that such notice shall ''be published in a newspaper of general circulation published in such city once each week for two consecutive weeks.'' By section ninety-nine of said act (§8702 Burns 1908) the notice required to be given to non-resident owners in regard to the assessment of damages and benefits in condemnation proceedings is to be ''by publication in some daily newspaper of general circulation in such city, *once each week,* for three successive weeks.'' (Our italics.) Section 117 of said act (§8722 Burns 1908), in requiring notice to be given of the adoption by the board of public works of a resolution to construct a sewer or drain in the city, provides that such notice ''be published *once each week* for two consecutive weeks in some daily newspaper of general circulation in said city.'' (Our italics.) Section 120, amended in 1907 (Acts 1907 p. 563, §8725 Burns 1908), which deals with assessments for sewers and drains made by the board of public works, provides that ''immediately after said assessment roll is completed and filed the said board shall cause to be published in some daily newspaper of general circulation in said city, *once each week* for two consecutive weeks, a notice,'' etc. (Our italics.) Section 124 (§8731 Burns 1908), which deals with the appropriation of lands for the construction of a levee and street, provides that the notice therein required to be given is to be ''published in some daily newspaper of general circulation in such city, *once each week,* for two weeks.'' (Our italics.) Section 126 (§8733 Burns 1908), in requiring notice to be given to a nonresident or unknown property owner of damages and benefits assessed against his property, provides that he shall be ''notified by publication in some daily newspaper of general circulation in such city *once each week* for three successive weeks.'' (Our italics.)

Section one of an act which provides for the alteration of steam railroad grade crossings, etc., in cities of more than 100,000 population (Acts 1905 p. 144, §8864 Burns 1908) provides that the board of public works shall give

notice of the adoption of a resolution for the altera-
tion of any grade crossing, or crossings of any steam
railroad track, etc., and that such notice shall be "published
in some daily newspaper of general circulation in such city
*once each week* for two consecutive weeks." (Our italics.)
This latter statute was passed at the same session of the legis-
lature at which the cities and towns act of 1905 was passed,
and immediately prior to the latter act. In addition to the
statute to which we have referred, we may also refer to and
consider the provision of the act of 1889 (Acts 1889 p. 431,
§§1344-1346 Burns 1908). Whether this act be repealed or
unrepealed is immaterial in our endeavor to discover the
legislative intention in respect to the provision of said §8896.

The act of 1889, *supra*, was passed some sixteen years
prior to the passage of the cities and towns act of 1905,
*supra*. It will be noted that the legislature in requiring that
all legal advertising connected with the city government
should be made in a daily newspaper, provided that a pub-
lication "one time each week" should be sufficient. In the
light of the several provisions of the act of 1905, *supra*,
which deal with the publication by the city of legal notices
pertaining to the affairs of the city government, and in view
of the provision of the act of 1889, *supra*, wherein the legis-
lature considered and declared that a publication in a daily
newspaper one time each week should be sufficient, it would
appear unreasonable to assert that the legislature, under the
provisions of §8896, *supra*, intended that a different rule
should govern in respect to the publication of legal notices
by the city than that prescribed by the other sections of the
act in regard to the same subject; or, in other words, that
under the several provisions of the same act which require
the publication of legal notices to be made in a daily news-
paper, and which declare that a publication of the notice
each week in one issue of such paper shall be sufficient, the
notice required to be given by §8896, *supra*, must there-
under be inserted and published in each daily issue of the

newspaper during the entire period of publication. To accord such an interpretation to the provision of the section in controversy would appear to impress it with absurdity and inconsistency, which a court in construing the provisions of a statute should avoid. *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605. We conclude that under the provisions of §8896, *supra,* the legislature intended that the publication of the annexation ordinance therein provided for in one issue each week for at least two consecutive weeks in a daily newspaper of general circulation published in such city should be sufficient publication of the ordinance. Therefore, appellant's contention that the ordinance in question is invalid and void, because it was not published as required by the statute, must fail.

Appellant advances argument to show that because the territory annexed to the city was used for agricultural, horticultural and dairy purposes, and that he and the other owners thereof did not intend to plat it into lots and place it upon the market for sale, therefore the common council was not justified in making the annexation; but his contention must be dismissed without consideration, because he cannot, in this collateral action, raise the question in respect to the insufficiency of the reasons to justify the action of the council. If he, as the owner of a part of the lands annexed, felt aggrieved by the action of the council, §8897, *supra,* afforded him an adequate remedy of appeal to the circuit or superior court. He neglected to avail himself of this remedy, and therefore is not now in a position to insist that the common council did not have sufficient reasons for annexing the lands in question. The council had authority under the law to make the annexation, and we must presume, in this action, that it found sufficient reasons to warrant its action.

In respect to the wisdom of the acts of common councils of cities in matters over which such councils have jurisdic-

tion, courts are not concerned, for as said in 3 Abbott, Mun.
Corp. §1130: "It is a well-settled equitable doctrine
8. that the domain of discretionary powers conferred
upon municipal bodies will in no case be invaded by
the courts. * * * So long as the municipal body does
not transcend the scope of its authority to enact ordinances,
or violate any of the limitations to the exercise of such
power, it will not in the absence of fraud be interfered with
by injunction."

As a final proposition, counsel for appellant argue that
the board of public works of the city of Indianapolis is
without authority under the law to let the contract
9. for the construction of the sewer in controversy, for
the reason that the board, as shown, decided against
and over the evidence introduced by the property owners
at the preliminary hearing provided for in §117 of the act
of 1905 (Acts 1905 p. 219, §8722 Burns 1908), that the spe-
cial benefits to property accruing out of the construction of
the sewer, within the district to be drained, would equal the
estimated cost of the improvement; that therefore further
proceedings by the board in the construction of the sewer
should be enjoined.

This argument, under the law, is so untenable that it
hardly can be said to merit serious consideration. There
is nothing in the facts alleged in appellant's complaint that
can be accepted in this action as showing that the board of
public works in deciding as it did, adversely to the conten-
tion of appellant, transcended its legal power or authority.
The power invested in the board to decide whether the bene-
fits would equal the cost of the improvement, impliedly, at
least, carries with it the right to decide wrong as well as
right. *Jones* v. *Cullen* (1895), 142 Ind. 335; *Wray* v. *Fry*
(1902), 158 Ind. 92; *Hibben* v. *Smith* (1902), 158 Ind. 206.

The board was not absolutely bound by the evidence pre-
sented, but it had the right in respect thereto to exercise

its own honest judgment.  *Dyer* v. *Woods* (1906), 166 Ind. 44.  Section 8722, *supra,* in providing for the adoption of a resolution by the board of public works ordering the construction of any local sewer or drain, provides that on the day named in the notice to be given "the board will hear all persons interested, or whose property is or will be affected by the proposed improvement; on the question as to whether the special benefits that will accrue to the property to be assessed  *  *  *  will be equal to the estimated cost of the improvement.  On the day named, any and all of such interested persons who may appear before such board shall have a full hearing on such question, and on any matter pertaining to the said proposed improvement. *  *  *  If said board shall, after such hearing, decide that the special benefits accruing to said abutting property are equal to the estimated cost of the improvement, such finding shall be entered of record and shall be final and conclusive on all parties, but if it be decided by the said board, after such hearing, that such special benefits will not equal such estimated cost, then said board shall proceed no further with such improvement," etc.

The insistence of appellant that the board of public works must decide the question of benefits upon the weight of the evidence which is formally presented at the preliminary hearing, would completely defeat the very purpose of the statute, which permits the board, upon its own judgment, to begin and carry out the construction of a local sewer or drain.  It follows, and we so hold, that appellant's complaint states no right of action.  Therefore, the demurrers of appellees were properly sustained.

Judgment affirmed.