KEENER ET AL. *v.* OCHSENRIDER ET AL.

[No. 12,502. Filed October 15, 1925. Rehearing denied November 25, 1925. Transfer denied July 2, 1926.]

1. STATUTES.—*Intent of legislature is the object sought in construing statute.*—In construing a statute, the intent of the legislature is the object sought, and, in determining such intent, the entire statute, as well as other acts *in pari materia*, whether repealed or not, and whether passed before or after the act in question or not, will be considered. p. 160.

2. GUARDIAN AND WARD.—*Guardian not authorized to settle estate of ward who dies testate leaving legatees qualified to act as administrator with the will annexed.*—Section 3414 Burns 1926, §3070 Burns 1914, providing that on the death of a ward whose personal estate does not exceed $500, his guardian shall settle the estate without letters of administration, is not applicable when the ward dies testate and named an executor in his will, and legatees survive him that would be qualified to act as administrator with the will annexed under §3065 Burns 1926. p. 160.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Action by Lewis A. Keener and others against Lillie Ochsenrider and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.* By the court in banc.

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellants.

*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellees.

THOMPSON, J.—This is an action by appellants to set aside and revoke letters of administration granted to Lillie Ochsenrider, appellee, in the matter of the estate of Jacob Leist, deceased, in the Wells Circuit Court.

There was a request for a special finding of facts and conclusions of law. The facts found by the court were, in substance, that Jacob Leist was a resident of Wells county, Indiana, prior to his death, and was eighty-six years old; that before his death he was declared incapable of managing his estate on account of old age and infirmity, by the Wells Circuit Court, and one Frank C. Waugh was appointed his guardian by order of said court; that the said Frank C. Waugh gave bond, made and filed an inventory of the personal estate of his said ward, which estate was less than $500, and he continued to act as such guardian until the death of his ward on January 5, 1925; that the personal estate up to the time of his death and during all the time of said guardianship was less than $500; that said Jacob Leist was the owner of real estate at the time said guardian was appointed and up to the time of his death, of the probable value of $8,000, and of the probable rental value of $500 per year; that after the death of said ward, the guardian reported his ward's death to the Wells Circuit Court, and the condition of his estate, and the court entered an order that the said guardian settle said estate as guardian, as provided by law; that said

Jacob Leist died testate, and his will was duly probated on January 9, 1925, and that Lewis A. Keener and Clarence Dunwiddie, his grandchildren, were named as legatees in the will, and also his daughter, Lillie Ochsenrider, was named as a residuary legatee; that Mary Jane Leist, wife of decedent, was named executrix of said will; that Mary Jane Leist died prior to the death of her husband; that on January 9, 1925, Lillie Ochsenrider filed her application for letters of administration, which was approved, and letters were issued to her; that on January 14, 1925, the appellants filed their petition in said court asking that the letters of administration issued to Lillie Ochsenrider be set aside and that said Frank C. Waugh, as guardian, be permitted to settle said estate without letters of administration. The court further found that Frank C. Waugh was in all respects fit and a proper person to act as guardian, and that Lillie Ochsenrider was properly qualified to act as administratrix with the will annexed of said estate. The court further found that Frank C. Waugh was in no way related to the decedent, and was not named as a legatee or devisee in said will, nor as executor thereof; that the indebtedness of said estate would exceed $800 and that the personal estate of said decedent was not more than $250.

The court stated its conclusions of law on the facts so found as follows: "(1) That Lillie Ochsenrider is duly and legally qualified to act as such administratrix with the will annexed of the estate of Jacob Leist, deceased. (2) That the petition of Frank C. Waugh in the above entitled cause should be denied and that the letters issued to Lillie Ochsenrider as administratrix with the will annexed of the estate of Jacob Leist, deceased, should be continued for further settlement of said estate. (3) That the cost of the proceedings in the cause occasioned by the filing of the petition by

Frank C. Waugh, guardian, should be charged to Frank C. Waugh."

The only question presented for our consideration relates to the conclusions of law as found by the court.

Appellants insist that §3414 Burns 1926, §3070 Burns 1914 controls in this case. This section provides that—"Upon the death of any ward whose personal estate does not exceed five hundred dollars, it shall be the duty of his or her guardian to report the fact of the ward's death, and the amount and condition of the ward's estate to the proper court; and such guardian shall proceed to settle his or her ward's estate without letters of administration. Claims against such estate shall be filed, litigated, or allowed and paid the same as in cases of executors and administrators, and distribution of the estate made under the same rules and regulations: Provided, the court shall require additional bonds when those already given are deemed insufficient."

Appellee contends that under §§3061, 3065 Burns 1926, §§2737 and 2741 Burns 1914, it was the duty of the court to appoint appellee.

Section 3061, *supra,* provides that: "Whenever any will shall have been duly admitted to probate, the clerk of the circuit court in which the same shall have been probated shall issue letters testamentary thereon to the person or persons therein named as executors, who are competent by law to serve as such, and who shall appear and qualify. No person shall be deemed competent to serve as an executor who at the time of application for letters shall, upon proof made before such court or clerk, be shown to be—"First. Under the age of twenty-one years. Second. To have been convicted of a felony. Third. Who shall be adjudged by said court or clerk incompetent to discharge the duties of an executor by reason of improvidence, habitual

drunkenness, or other incapacity." Section 3065 Burns 1926, *supra*, reads as follows: "If there be no person named in the will as executor, or if those named therein have failed to qualify, have renounced, or have been removed, letters of administration with the will annexed shall be granted by the proper clerk or court to any competent residuary legatee named in such will, willing to accept, or if there be none such willing to accept, then to a competent specific legatee, or if there be none such willing to accept, then to any competent person, under the same regulations as in granting letters of administration in the case of intestacy."

In construing a statute, the intent of the legislature is the object sought, and, in determining such intent, the entire statute, as well as other acts *in pari*

1.  *materia*, whether repealed or not, and whether passed before or after the act in question, will be considered. *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17. In this case, if the contention of appellants is correct—if Mary Jane Leist, wife of decedent, who was named as executrix of the will of Jacob Leist, had survived her husband, all of the provisions of the will would not be carried out. Section 3065 of the statute, quoted above, is very clear and explicit as to the duty of the clerk or court in case the person named in the will as executor or executrix for any reason fails to qualify and take out letters testamentary.

We hold that §3414 Burns 1926, *supra*, does not apply where the decedent died testate, naming an executor, or where he leaves residuary or specific

2.  legatees named in such will to act under the provision of §3065, *supra*.

The court did not err in its conclusions of law.

Judgment affirmed.