BOTTEMA ET AL. *v.* CITY OF INDIANAPOLIS ET AL.

[No. 14,637.   Filed May 31, 1934.   Rehearing denied November 24, 1934.   Transfer denied February 19, 1935.]

*Albert Stump, N. E. Elliott,* and *Leo X. Smith,* for appellants.

*Edward H. Knight, James E. Deery,* and *David F. Smith,* for appellees.

KIME, J.—This action was brought by appellants against appellees to declare void and enjoin the collec-

tion of the assessments, levied by the city of Indianapolis against property lying in Bean Creek and Pleasant Run Valleys for the construction of a sewage system, 7290 feet of which lies in Bean Creek and the balance in the stream where both Bean Creek and Pleasant Run join before emptying into White River, because of the alleged lack of jurisdiction, and to quiet title to appellants' real estate. Appellants then filed an amended complaint, followed by an amendment to the amended complaint, revising the names of the property owners. Each appellee, defendants below, filed answer in two paragraphs, the first in general denial and the second alleging that appellants were estopped, which answers were followed by a general denial on the part of appellants. Appellee, Sheehan Construction Company, a defendant below, filed separate cross-complaints to foreclose the assessments as fixed by the circuit court, against appellants' real estate, to which appellants filed general denials. There was then a dismissal as to part of the plaintiffs.

All of the evidence was stipulated and the court found against appellants on their amended complaint and for appellee, Sheehan Construction Company on its several cross-complaints and foreclosed the assessments against appellants' respective real estate. Motion for new trial was filed, which was overruled, and this appeal followed.

Error assigned was that the court erred in overruling the separate and several motion for a new trial.

The record discloses that on April 23, 1924, the Board of Public Works of the city of Indianapolis adopted a declaratory resolution providing for the construction of a main intercepter sewer, which sewer was to be known as the "Pleasant Run and Bean Creek Intercepter." Said resolution described the boundary lines of the drainage district and indicated the begin-

ning, course, location, size and termini of said sewer. After the adoption of the declaratory resolution, all proceedings required by statute for the final accomplishment of the project, were had, including the notice on the resolution ordering the construction, which notice contained a description of the sewer, its location, a boundary line description of the district to be assessed, the date set for remonstrances, which was May 24, 1924 at 9:30 A. M. and the resolution number upon which this notice was predicated. The property, described in the complaint, which belongs to appellants is embraced within the drainage district as fixed in the above notice. None of the appellants filed remonstrances on the date fixed therefor with the Board of Public Works or the circuit court, in which court this matter was pending under Section 10721, Burns 1926, §48-4602, Burns 1933, §12621, Baldwin's 1934, remonstrating against such improvements or the proceedings therefor, nor did any of them file suit attacking the validity of the contract entered into for the construction of the sewer, within ten days after the letting of said contract.

Appellants contend that the sewer herein was in fact two sewers—the main one running from White River to the junction of Bean Creek and Pleasant Run and the collateral sewer starting at the junction and lying wholly in Bean Creek, which alleged collateral sewer the stipulations say does not, can not, and will never benefit any of the real estate situated in Pleasant Run Valley, and that therefore, the proceedings and judgments of the Sheehan Construction Company, based on the final assessments, as fixed by the circuit court, are void. Whether a sewer is a main or collateral sewer is a question for the Board of Public Works to determine in the first instance, and such determination can not be questioned by collateral at-

tack. Section 10566, Burns 1926, §48-3901, Burns 1933, §11706, Baldwin's 1934. The right to be heard is statutory and was fixed in the notice. The time so fixed was the time that appellants should have presented their grievances. Having failed to appear and remonstrate they are bound by the assessments unless the proceedings are void. *City of Greensburg* v. *Zoller* (1901), 28 Ind. App. 126, 60 N. E. 1007.

All proceedings necessary to acquire jurisdiction for the construction of said sewer were had and the record does not disclose that the board of public works exceeded the authority conferred upon it by statute, therefore, since appellants' action is a collateral attack on the proceedings their action must fail. *Prott* v. *City of Gary* (1932), 94 Ind. App. 37, 175 N. E. 243.

Finding no reversible error the judgment of the Marion Superior Court is in all things affirmed.

Bridwell, C. J. and Curtis, J., concur in result.