PETERS ET AL. *v*. RYAN CONSTRUCTION CORPORATION.

[No. 18,604. Filed June 17, 1955.]

*James D. Lopp* and *John D. Clouse,* of Evansville, for appellants.

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellants.

ROYSE, J.—On the record herein the facts out of which this litigation arose may be summarized as follows:

In November of 1950 the City of Evansville, by and through its Board of Public Works, entered into a written contract for the construction of a Sewage Treatment Plant, and for the installation of certain sewers in said city. This was subsequently ratified and approved by the Common Council.

This contract provided that the Board of Works could authorize changes in the work to be performed or the materials to be furnished pursuant to its terms, and that adjustments, if any, in the amount to be paid appellee by reason of any such changes should be determined by one of four specified methods.

The contract also provided for the installation of certain sewers described as "Lateral Area I" and "Lateral Area II." It further provided for the replacement by appellee of the pavement on East Walnut Street in each of said "Areas" where the installation of the sewer disturbed the pavement thereon.

After appellee started the sewer installation, consulting engineers employed by the Board of Works and the City Civil Engineer recommended that because of the poor condition of the pavement on Walnut Street, particularly the base, it would be better to repave the whole of said street from gutter to gutter; that the estimated additional cost for said change would be $472.50. The Board of Works was advised by the City Attorney and Special Sewer Counsel that if it should find from a fair

analysis of all the facts that a change should be made in the type of pavement replacement on said street the Board had the authority to make such change. Thereupon, the Board, after holding a public hearing on the proposed change at which there was no protest made, adopted Change Order No. 8 authorizing a change in the material and for the pavement of said street from gutter to gutter, said modification to be paid for in one of the manners provided for in the contract. Appellee completed its contract, the work was accepted, and appellee was paid in full. The Trial Court found the changes made did not materially alter or modify the original contract.

Thereafter, appellants made written demand upon appellee to refund to the City of Evansville the money received by it for resurfacing Walnut Street. This demand was refused. Appellants also made written demand on the City of Evansville that it demand repayment of said money from appellee; that in the event said City refused to make such demand and institute legal proceedings for the recovery thereof, the appellants would institute such proceedings. The City refused such demand. This action followed.

Upon proper request the trial court found the facts specially and stated its conclusions of law thereon in favor of appellee. Judgment accordingly. The errors assigned here are the overruling of appellants' motion for a new trial and that the trial court erred in each of its six conclusions of law.

At the trial of this cause the parties made the following stipulation:

"That the only two (2) questions of law for this Court to decide are as follows:

"(a) Do the plaintiffs herein have a legal right to bring this type of action?

"(b) Did the Board of Public Works of the City, of Evansville, Indiana, have a legal right to enter into Change Order No. 8 with the defendant?"

The trial court found against appellant on each question. We deem it necessary to consider only the second.

In this, as in other jurisdictions, it is firmly established that the authority authorized to let contracts for public works or improvements has an inherent right to make reasonable changes or modifications in such contracts. As indicated in many of the decisions, if this right were denied the work contemplated might become utterly useless because of some unforseen cause. *Sims* v. *Hines* (1889), 121 Ind. 534, 540, 23 N. E. 515; *The Bass Foundry and Machine Works* v. *The Board of Commissioners of Parke County et al.* (1888), 115 Ind. 234, 242, 17 N. E. 593; *The Board of Commissioners of Gibson County* v. *The Cincinnati Steam Heating Company* (1890), 128 Ind. 240, 243, 27 N. E. 612; *The Board of Commissioners of Hamilton County* v. *Newlin et al.* (1892), 132 Ind. 27, 31 N. E. 465; *The Board of Commissioners of Fulton County* v. *Gibson* (1901), 158 Ind. 471, 478, 63 N. E. 982; *The Board of Commissioners of Allen Co.* v. *Silvers* (1864), 22 Ind. 491, 502; *Smith et al.* v. *The Board of Commissioners of Miami County* (1892), 6 Ind. App. 153, 164, 33 N. E. 243; *Alsmeier et al.* v. *Adams et al.*, 62 Ind. App. 219, 235, 105 N. E. 1033; *Butler et al.* v. *City of Kokomo et al.* (1916), 62 Ind. App. 519, 526, 527, 113 N. E. 391.

We are of the opinion the Board of Works had a legal right to authorize the changes it made in the City's contract with appellee.

Finally, appellants contend the trial court erred in sustaining appellee's objections to certain questions propounded one of the witnesses. The answers to such ques-

tions could have no bearing on the issues presented to the trial court.

Judgment affirmed.

Note.—Reported in 127 N. E. 2d 242.