DITTMER ET AL. *v.* CITY OF INDIANAPOLIS.

[No. 20368. Filed December 2, 1968. No Petition for Rehearing filed.]

*George L. Diven,* of Indianapolis, for appellants.

*John W. Tranberg,* of Indianapolis, for appellee.

PRIME, J.—This is an action for an injunction by the Appellants to enjoin the Appellee, City of Indianapolis, from taking bids, letting contracts, or proceeding with the construction of a sanitary sewer known as PIR 70, or making any assessments for the costs thereof against any of the Appellants or any property affected by the sewer.

A hearing was held as provided by law at which time evidence was submitted by both sides on the issue.

The controlling Statutes are:

Construction of Sewer—Burns' Indiana Statutes 48-4001

Hearing—Burns' Indiana Statutes 48-4002

Notice —Burns' Indiana Statutes 48-4005

At the close of the hearing, the defendant city moved for a finding for defendant which the court sustained, and entered judgment for the defendant as follows:

"Comes now plaintiffs in person, and by counsel, and comes also the defendant by counsel in the above entitled cause and this being the date heretofore set for trial and the cause being at issue upon the plaintiffs' complaint for an injunction and the defendants' answer thereto, the same is now submitted to the court.

The court now swears the witnesses and plaintiffs submit their evidence. At the close of the plaintiffs' case the defendant moves for finding and judgment for the defendant and the court being duly advised in the premises now sustains such motion for finding for the defendant at the close of the plaintiffs' case.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the plaintiffs take nothing by way of their complaint and that their complaint for injunction is hereby denied with costs against plaintiffs."

A Motion for New Trial was filed by the Appellants setting out the following grounds.

1. The decision is not sustained by sufficient evidence.

2. The decision is contrary to law.

The Motion for New Trial was overruled and this appeal followed.

Subsequent to the judgment of the Marion County Circuit Court the following events occurred:

"On March 9, 1964, the Appellee, by its Board of Sanitary Commissioners, received and opened bids for the construction of the sewer known as PIR 70.

On March 16, 1964, the Appellee awarded a contract for the construction of the sewer.

The construction was commenced and was completed on January 14, 1965, and was accepted on January 18, 1965. On March 1, 1965, a final hearing was held by the Board of Sanitary Commissioners and the amounts of the assessments were levied upon the properties benefitted."

An appeal was perfected and was docketed in the Supreme Court of Indiana as cause No. 30620, in June, 1964. After the cause was fully briefed the Supreme Court took the following action:

"IN THE

SUPREME COURT OF INDIANA

ARTHUR DITTMER, ET AL,

 Appellants

 v.

CITY OF INDIANAPOLIS,

 Appellee

APPEAL FROM THE CIRCUIT COURT OF
MARION COUNTY
Honorable John L. Niblack, Judge

PER CURIAM

This case concerns an appeal from proceedings had by the Board of Sanitary Commissioners of the City of Indianapolis in a sewer construction project and the making of assessments.

Under Section II of Appellants' brief 'JURISDICTION OF THE SUPREME COURT' it is stated that this Court has jurisdiction because it involves the taking of property 'without just compensation' under the Indiana Constitution and also 'The validity of a resolution of a municipal corporation' and 'This action involves an injunction to prevent the establishment of a sewer or drain.'

In a review of the briefs presenting the questions, we fail to find any real points seriously urged upon the issue of taking property 'without just compensation.' We do not find that the 'validity of an ordinance of a municipal

corporation' is involved. As stated, it concerns a mere resolution of a sanitary board. We do not believe the resolution itself or the right to make it is seriously involved, but rather certain procedural steps taken, which may or may not be defective, are questioned. For that reason, we find no constitutional question involved with reference to a municipal ordinance which would give us jurisdiction.

Under Burns' § 4-214, only interlocutory orders resulting from injunctive actions are appealable to this Court—not final judgments which must go to the Appellate Court.

For the reasons stated, we find that this cause of appeal properly belongs in the Appellate, and it is accordingly ordered transferred to that court.

Achor, J., not participating."

The cause was then docketed in this court as No. 20,368.

On March 19, 1965, the Appellee filed its Motion to Dismiss the appeal, supported by briefs, which Motion was answered by Appellants, supported by briefs.

The Appellee contends that the question herein is moot and should be dismissed. Cases in support are cited.

The Appellant contends that the Court can decide a case on its merits wherein a specific point has become moot with passage of time, because the issue is one of public interest or a question is a recurring one.

We accede to Appellants' request and therefore now overrule the Motion to Dismiss.

The assignment of error to be considered is that the Court erred in overruling Appellants' motion for a new trial. The grounds of the motion were (1.) that the decision is not sustained by sufficient evidence and (2.) that the decision is contrary to law. We consider only the second ground since the first raises no question on appeal from a negative judgment.

To prevail under an assignment "contrary to law" it must be shown that the decision was contrary to the weight of the evidence and that the evidence was all in the direction opposite to the decision rendered. A party must be denied relief to which he is entitled under the evidence presented in order to gain a reversal on such ground.

The Appellants contend that the decision is contrary to law citing six propositions. These propositions can be summarized as questions going to the procedure of the hearing and the various determinations made by the Board at the hearing.

The first states that the trial court is bound to consider as true the allegations of the complaint and must draw such reasonable inferences in favor of the plaintiff. This is true but there is nothing set out in the record to show that the court did not do this.

There is ample evidence from which the trial court could conclude that the allegations of the complaint had not been established. *Wilson v. Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

The second proposition alleges the Board of Sanitary Commissioners determined the estimate of costs of the sewer. The record indicates that the estimates were prepared by engineers.

The third proposition charges that the plans were changed after the hearing and that this action was contrary to statute and beyond the jurisdiction of the Board. The right to make changes and modifications is held to be an incident of the general grant of the right to make improvements. *Bottema v. City of Indianapolis* (1934), 100 Ind. App. 56, 190 N. E. 550; *Peters, et al. v. Ryan Construction Co.* (1955), 125 Ind. App. 542, 127 N. E. 2d 242.

Proposition four alleges that the finding of the Board that the benefits to the property is equal to the cost is arbitrary and capricious.

This court cannot as a matter of law uphold such an allegation.

"Since the law making power has vested the authority to determine benefits and damages in the local authorities, and not in the courts, how can we know, or how could a court try the question, whether the supposed advantage was really a net gain to the property owners? . . ."

*Edwards v. Cooper* (1906), 168 Ind. 54, 73, 79 N. E. 1047; *Johnson v. Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17.

Proposition five states that the finding of the Board that the benefits were equal to the cost was based upon costs different from the amount set out at the hearing. The Board has the power to modify specifications as was done in this instance.

". . . Any failure to comply strictly with any statutory requirement, not affecting the jurisdiction, will be regarded as an irregularity . . ." *Barber Paving Co. v. Edgerton* (1890), 125 Ind. 455, 461, 25 N. E. 436; *Butler v. Kokomo, supra.*

Proposition six is a contention that proper notice was not given. The record indicates that mail notices were sent out and that protestants attended the hearing. We believe that there was no lack of proper notice being given.

We hold that there was substantial compliance with the procedure required here and that the decision of the trial court was not contrary to law.

Judgment affirmed.

Carson, C.J., and Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 242 N. E. 2d 106.