JUAN PABLO ORTEGA *v.* JANE E. ORTEGA.

[No. 1-474A67. Filed August 14, 1974.]

*Charles W. Vincent,* of Terre Haute, for appellant.

*Samuel E. Beecher, Jr., Beecher & Kite,* of Terre Haute, for appellee.

ROBERTSON, P.J.—Petitioner-appellant, Juan Ortega filed a petition for *habeas corpus* seeking to regain custody of his two children who were being held in violation of their divorce decree by his former wife, Jane Ortega.

After a hearing on the petition the court found conditions had changed since the original divorce decree and that the best interests of the children required custody be awarded to the mother.

The two issues raised by the father concern the allegedly improper expansion of the *habeas corpus* hearing and the sufficiency of the evidence to support the decision. We find no error.

The Ortegas were granted a divorce by the Third Court of the First Instance in Civil Matters of the Judicial Circumscription of the Federal District and Miranda state located in Caracas, Venezuela. Juan was awarded custody of the children during school months with the mother having custody during the summer.

At the end of the summer of 1973, the mother did not return the children to the father. The father caused a writ of *habeas corpus* to be issued.

In her return to the writ, the Court was asked to give her custody of the children due to changed conditions since the original decree. The father objected to her return as improperly expanding the issues before the Court. The Court overruled his objection, heard evidence as to changed circumstances and modified the divorce decree giving custody to the mother for the school months and the father for the summer, thereby reversing the divorce decree.

The father first contends that the hearing on the writ of *habeas corpus* was improperly expanded to allow inquiry into changed conditions of the parties for the purpose of determining if a modification of custody should be ordered. He argues that the hearing should have been limited to a determination of the legality of the mother's retention of the children under the original decree.

Indiana law is to the contrary. As stated in *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N.E.2d 333:

"Under such circumstances it seems to be the rule in Indiana that a *habeas corpus* action when it is shown that a change

in conditions has occurred since the original judgment awarding custody of children . . . it is a duty of the court to consider such changed condition in determining that which is for the best interest of the children. . . . The strict legal rights of the parents, under such conditions must yield to the welfare of the children. (Citation omitted)

. . . It has been held consistently by this court that a return as commanded by the writ of *habeas corpus* is effective to place the child in the custody of the court subject to its disposition with unlimited power as to custody, guided only by the child's welfare and best interest. (Citation omitted)

While appellant's legal right to the care and custody of the child in question at the time the suit was filed is sustained by the pleadings and the evidence, it was still the duty of the trial court to determine, from the changed situation shown by the evidence, if any, to whom the care and custody of the child should now be awarded, guided only by the paramount consideration—the future welfare and happiness of the child." 227 Ind. 405-06, 86 N.E.2d 535-36. *See also, White* v. *White* (1938), 214 Ind. 405, 15 N.E.2d 86.

The trial court properly considered the children's welfare in the *habeas corpus* hearing.

Second, the father argues that no evidnece was presented showing a change of conditions which would warrant a modification of the original custody award.

The evidence showed that the father had remarried and had another child. The mother lived with her parents who had recently moved into a larger house with more room for the children. The maternal grandmother had retired and was staying home tending the children. The mother and grandmother testified that the children had repeatedly asked not to be sent back to the father.

This evidence was sufficient to support the decision of the trial judge that conditions between the parties had changed and that a change of custody was in the best interests of the children.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 315 N.E.2d 370.