In the Matter of Roberta
WHITTINGTON.

Bess SKILES, Petitioner–Appellant,

v.

MARION COUNTY DEPARTMENT OF
PUBLIC WELFARE et al.,
Respondent–Appellee.

No. 2–1279A368.

Court of Appeals of Indiana,
Fourth District.

Oct. 21, 1980.

Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for petitioner·-appellant.

Robert F. Gammon, Indianapolis, for respondent appellee.

CHIPMAN, Judge.

Bess Skiles, the mother of Roberta Whittington (Bobbie), brought this habeas corpus proceeding against the Marion County Department of Public Welfare alleging her daughter was being illegally restrained by the welfare department. Her allegation of illegality is based on the trial court's failure to inform her of her right to have an attorney appointed to represent her due to her indigency and the failure of the court to actually appoint an attorney for her. We affirm without reaching the merits of her argument.

Skiles has raised the following issue:

Whether an indigent parent, whose child is alleged to be dependent and neglected, is entitled to notice of the availability of court–appointed counsel and entitled to the appointment of counsel at public expense.

The welfare department has raised the following issues:

I.   Whether this case is moot.

II.   Assuming arguendo the mother had the right to be represented by an attorney at the public's expense, whether the trial court erred in not returning the child to the custody of her mother.

## FACTS

On October 4, 1978, the welfare department filed an Information of Dependent/Neglected Child in the Juvenile Division of the Marion County Superior Court alleging Bobbie was being sexually molested by her step–father and that her mother had failed to protect her from him. Skiles was not represented by counsel at either the hearing on temporary custody or the trial in which permanent custody was taken from the mother despite the fact she was indigent and informed the court she wished to be represented by counsel.[1] The welfare department was represented by counsel throughout the proceedings and the court appointed a public defender to represent Bobbie.

At the trial of this case the court heard the evidence and found Bobbie to be a dependent/neglected child, made her a ward of the welfare department and accepted the recommendation that she be placed at the Carmelite Home for Girls in East Chicago, Indiana. This decision was rendered on January 29, 1979, and no appeal was taken.

Having acquired legal counsel from the Legal Services Organization of Indiana, Inc., Skiles filed a Verified Petition for Writ of Habeas Corpus on May 22. The writ was ordered issued and a hearing was set for July 9. Upon request from the welfare department, the trial court approved the return of Bobbie to her mother for an in–home visit prior to the habeas corpus hearing.[2]

The affidavit in support of the writ alleged Bobbie was illegally restrained since Skiles was not notified of her right to have counsel appointed for her due to her indigency in violation of her due process and equal protection rights secured by the Fourteenth Amendment and her statutory rights under Ind.Code 34–1–1–3.[3] The welfare department's return stated the child was being held pursuant to a valid order of the trial court.

At the time of the habeas corpus hearing, Skiles had physical custody of Bobbie; but legal custody remained with the welfare department and the continuation of Bobbie's home visit was contingent upon the mother and daughter continuing to receive counseling and Bobbie's continuing to attend school. The only evidence presented to the trial court was the request that the court take judicial notice of the prior proceedings before it concerning Bobbie's custody. Upon this evidence the court denied Skiles' petition to regain the legal custody of her daughter. A hearing in October was then set to review the child's custody status. From this refusal Skiles has prosecuted this appeal.

While Bobbie was still in her mother's physical custody she ran away from home in mid–September and was placed in the Marion County Guardian Home. She remained there until November when following a hearing, the court placed her at another home. At this hearing the mother was represented by legal counsel and did not object to the welfare department's continued custody. Evidence was introduced concerning sexual abuse of Bobbie by her mother's new boyfriend and physical and verbal abuse of Bobbie by her mother.

1. The trial court continued the latter proceeding until Skiles contacted the Legal Aid Society as he had suggested. She met with an attorney from the Legal Aid Society but he encouraged her not to fight the welfare department and declined to represent her.

2. The step–father was no longer at the Skiles home. He was in the Marion County jail on a robbery charge.

3. "34–1–1–3 Poor person, attorney for.–Any poor person not having sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend, as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor from such poor person."

## I. MOOTNESS

It is clear from the facts above that this case is moot. If we were to find the trial court erred in not returning Bobbie's legal custody to her mother at the July 9th hearing, our ruling would be of no effect since the welfare department's continued custody was not objected to at the November hearing when Skiles was represented by counsel. But, since we find the issue of right to representation as one of general public interest,[4] we have attempted to address the merits but are constrained from doing so by our reasoning below.

## II. FAILURE TO AWARD CUSTODY TO THE MOTHER

Skiles argues the trial court judge lacked jurisdiction over her due to the failure to inform her of her right to have an attorney appointed for her at public expense and therefore the decision of the court was void and open to attack by habeas corpus. If we assume *arguendo* Skiles had a statutory and/or a constitutional right to a court appointed attorney, we must still conclude the trial court did not err in failing to grant Skiles' petition to regain legal custody of her daughter.

As early as 1897 this court held,

"In a controversy for the custody of a child, whether between the father and mother or between them or either of them and third persons, the welfare of the child is paramount to the claims of either parent, and the order of the court should in all such cases be made with regard alone to the best interests of the child."

*Schleuter v. Canatsy*, (1897) 148 Ind. 384, 47 N.E. 825. More recently this court has said,

"... a return as commanded by the writ of habeas corpus is effective to place the child in the custody of the court subject to its disposition with unlimited power as to custody, guided only by the child's welfare and best interest." (citations omitted).

*Ortega v. Ortega*, (1974) 161 Ind.App. 244, 315 N.E.2d 370.

Skiles contends *Ortega* is distinguishable from this case since the return in *Ortega* raised the question of the best interests of the child and the return in this case did not. We do not find this distinction controlling. At the habeas corpus hearing, Skiles asked the court to take judicial notice of Bobbie's prior custody proceedings. Therefore, in light of the evidence before the court, which included the problems Bobbie previously had at home, the denial of Skiles' petition was not error.

"If there is evidence to support the finding in a habeas corpus proceeding we will not disturb the judgment. It is only when a clear abuse of discretion by the trial court [is shown] that the judgment will be set aside. (citations omitted)

*Henderson v. Kleinman*, (1953) 231 Ind. 657, 109 N.E.2d 905.

While we are aware the trial court, at the habeas corpus hearing, expressed some doubt as to the need for the welfare department's continued custody, we do not find an abuse of discretion by the trial court.

As stated previously, we do consider this issue of right to representation to be an important issue of general public interest but we are limited to addressing only those issues that are properly before us. This issue could be properly raised on direct appeal.

The judgment of the trial court is affirmed.

YOUNG, P. J., and MILLER, J., concur.

---

**4.** *See Indiana High School Athletic Association v. Raike*, (1975) 164 Ind.App. 169, 329 N.E.2d 66; *Dittmer v. City of Indianapolis*, (1968) 143 Ind.App. 621, 242 N.E.2d 106.