## No. 15,861.

## Scarry *v.* Lewis.

Evidence.—*Tax Lien.*—*Certificate of Purchase.*—*Admission in Evidence of.*— *Error Cured.*—An action to quiet title was brought to test the validity of a lien claimed by the defendant, which he had acquired by the purchase of certain lots sold by the town for delinquent municipal taxes, and his purchase was evidenced by a certificate of purchase issued by the town marshal. The defendant offered this certificate in evidence, which was

Scarry v. Lewis.

admitted, but objected to because the certificate did not state that the sale was made at the door of the town hall, or of the building wherein the board of trustees of the town held their meetings, but stated that it was made at the door of the postoffice. This evidence was followed by that of the town clerk, who testified that the place of meeting of the town board was in the second story of the postoffice building, over the postoffice.

*Held*, that the objection, if true, could only be an irregularity affecting the validity of the sale, and could not operate to destroy the purchaser's lien for the taxes, and was, therefore, insufficient; and that the introduction of the clerk's evidence after that of the certificate of purchase cured the error, if any was committed, in introducing the certificate in the absence of explanatory evidence.

SAME.— *Validity of Sale.*—*Tax Deed Prima Facie Evidence of.*—*Proof of Warrant of Sale not a Prerequisite.*—A deed executed by a town marshal for land sold at a tax sale for delinquent municipal taxes is *prima facie* evidence of the validity of the sale, and is admissible in evidence without showing that there was a warrant properly issued for the sale of said lands.

SAME.— *Tax Deed Prima Facie Evidence of a Lien.*—*Admissions.*—*Onus Probandi.*—The introduction of a tax deed in evidence makes a *prima facie* case of the existence of a lien, notwithstanding an admission that the proceedings, upon which the sale was based, were irregular and insufficient to convey title; and such admission would not place upon the purchaser the burden of proving the exact steps taken in relation to the making of the sale.

TAXES.—*Lien of State.*—*Transfer of to Purchaser.*—*Sale Ineffectual to Convey Title.*—*Effect of on Lien.*—A sale of land for taxes made in violation of a mandatory statute vests in the purchaser the lien of the State; and if, therefore, the land sold was subject to taxation, and the taxes had not been paid, and the description was sufficient to identify the property, and the sale was made by authority of law, the sale would be valid to transfer the lien, notwithstanding there were omissions and irregularities which would render the sale invalid to convey title.

SAME.—*Irregularity in Preparing Duplicate, and in Adoption by Board of Commissioners.*—*Effect.*—Where a town board, in making out a tax assessment, and delivering it to the county auditor, and the board of commissioners in passing upon such assessment, do not strictly comply with the law, there would not be such an omission as would render the action absolutely void as being without authority of law.

ESTOPPEL. — *Municipal Corporation.*— *Addition to.* — *Irregularity in Annexation Proceedings.*—*Collateral Attack.*—Where additions have been made to a town, and the town has exercised control over such additions for ten

or fifteen years, expended large sums of money in improving the streets of those additions, and in erecting school buildings to accommodate the school children of the town, including such additions; and where the appellant had lived in one of the additions for a number of years, and had voted in the town, had been elected and held offices of the town, under such circumstances, he can not be allowed to question the validity of the annexation proceedings, and thereby defeat a tax lien on his lots in said additions, simply because, in making said additions, the strict letter of the law had not been complied with; nor are such objections available in a collateral attack.

From the Boone Circuit Court.

*W. E. Niblack, S. Peelle* and *W. L. Taylor,* for appellant.

*C. F. McNutt, J. G. McNutt, A. F. McNutt, S. B. Davis, T. J. Terhune, B. S. Higgins* and *W. J. Darnall,* for appellee.

OLDS, J.—The appellant, John Scarry, prosecuted this suit against Samuel Lewis, the appellee, to quiet his title to certain lots in the incorporated town of Jamestown, in the county of Boone, in the State of Indiana. No question is made as to the title of appellant to the lots, but the appellee claimed to have purchased all of them at a sale made by the town authorities for delinquent taxes due the town. The question in controversy was as to whether the appellee had acquired any lien against the lots by his purchase. There was a trial resulting in a finding that the appellant was the owner of the lots described in the complaint, and that the appellee held a lien against the lots for $888.14, under his purchase for taxes, and judgment was rendered accordingly. The appellant filed a motion for a new trial, which was overruled, and exceptions reserved, and the ruling is assigned as error.

Section 3351, R. S. 1881, relating to the collection of town taxes, provides that " The marshal shall collect the taxes on said duplicate when so required, and shall have the same power to enforce collection, and shall be governed by the same rules and regulations as county treas-

urers and county auditors; and shall have authority, in like manner, to collect by distress and sale, and to make conveyances and certificates of real estate sold by virtue of such sale. Such sale, if at a county-seat, shall be at the door of the court-house, or place of holding court; and if not at the county-seat, it shall be held at the door of the town-hall or place of meeting of the board of trustees; and the clerk of said board shall perform the like duties, at said sale, as are required of the county auditor at a sale for State and county taxes; and all deeds or conveyances for lands so-sold for taxes shall be *prima facie* evidence of the validity of such purchase."

Section 3263, R. S. 1881, provides that " All general laws of the State for the uniform assessment and collection of taxes, and matters connected therewith or growing out of the same, shall apply to all incorporated cities and towns not having special charters, so far as the same shall be applicable." The appellee offered in evidence the certificate of the sale of the lots described in the complaint issued by the marshal of said town to the appellee. Counsel for the appellant objected to the introduction of the certificate in evidence for the reasons: " *First*, that there is no proof of the posting of notices as required by the statutes; *secondly*, proof as to the notices must come first; that recitals in the certificate do not prove that there was notice issued, or that notice was given, as provided by law; and, further, that the place designated in the certificate, as to where the lands were sold, is stated as having occurred at the postoffice door in the town of Jamestown, and not at the door of the town-hall, or at the place of the meeting of the board of trustees of the town," and at the same time stating that no question is made as to the genuineness of the certificate. The reason urged by counsel in their brief as to the incompetency of this evidence is that it appears on the face of the certificate that the sale was made at the door of the postoffice, and not at the

door of the town-hall, or of the building wherein the
board of trustees of said town held their meeting.    This
we do not think a sufficient objection to the introduction
of the certificate in evidence.    At most it would be but
an irregularity affecting the validity of the sale, and
would not operate to destroy the purchaser's lien for the
taxes.    But following the introduction of this evidence, it
was shown by the testimony of the clerk of the town that
the place of meeting of the town board was in the office
of Mr. Darnall, situated in the second story of the post-
office building, and over the room occupied by the post-
office; and the sale was, in fact, made at the door of the
building in which the board of trustees of the town held
their meeting, and at the place where the statute required
the sale to be made.    This testimony was introduced after,
but in connection with, the introduction of the certificate
of purchase, and cured the error, if any was committed
in the introduction of the certificate in the absence of
such explanatory evidence.

In connection with the certificate of sale, and imme-
diately following the introduction of the same, the appel-
lee offered, and the court admitted in evidence, over the
objection of the appellant, the tax deed issued in pursu-
ance of the sale.    The appellant objected to the introduc-
tion of the deed for the reasons: *first,* that the deed
fails to recite that there was a warrant issued by the board
of trustees, attested by the clerk of the town, and the seal
of the town to sell the lots; *secondly,* that the deed re-
cites the fact that the sale was made at the postoffice in
said town, and not at the town hall or at the place where
the board of trustees met; *thirdly,* that the deed is not
not attested by any person, but is simply acknowledged
by Millington Lewis, town clerk.    The deed, as it appears
in record, was both attested by W. H. Drew, the town
marshal, and is acknowledged before a notary public.
Section 3351 *supra* makes the deed *prima facie* evidence of

the validity of such purchase. The deed was properly admissible in evidence without the introduction of a warrant, and the parol evidence which we have heretofore referred to was explanatory of the place of sale, and showed it to have been, in fact, made at the place required by law. It is the settled law of this State that a tax sale, though made in violation of mandatory provisions of the statute, vests in the purchaser the lien of the State upon the land on which the taxes were leviable, in all cases, except where the sale was void because the land sold was not liable to taxation, or where the taxes had been paid, or the description of the land was so imperfect as to fail to identify the land, or where the sale was made without authority of law. *City of Logansport* v. *Case*, 124 Ind. 254; *St. Clair* v. *McClure*, 111 Ind. 467. Section 3351 *supra* authorizes the sale of real estate by the town officers and such sales are governed by the same rules and regulations as sales made by the county treasurers and county auditors. If, therefore, the land sold was subject to taxation, the taxes had not been paid, the description was sufficient to identify the property, and the sale was made by authority of law, the sale would be valid to transfer the lien, notwithstanding there were omissions and irregularities which would render the sale invalid to convey title. These well settled general rules render it unnecessary to state in detail, and discuss many questions presented by counsel. The introduction of the tax deed without the introduction of a warrant made a *prima facie* case, and this is true, even though it is admitted that the proceedings upon which the sale was based were irregular and insufficient to convey title. This admission would not defeat a lien for the taxes; for it is only when there are such defects as that the title fails to pass that the lien is transferred instead of the title, and the abandonment of the right to recover the land, or an admission that the

proceedings were defective and did not convey title, would not place the burden on the purchaser of showing that no warrant was issued, or that any other particular defect existed, or of showing in detail the exact steps taken in relation to the making of the sale.

It is contended by counsel for the appellant that the lots were not subject to taxation, by reason of the fact that they were never legally annexed to or became a part of the incorporated town of Jamestown, for the reason that the law was not fully complied with by the common council, in making the annexation; that the resolution of annexation was defective in form in one instance; that the record failed to show its adoption in another, and a failure to have the proceedings recorded in the recorder's office of the county, and that, as to one addition, it did not lie adjacent to the corporate limits, for the reason that another addition lying between the same and the original corporate limits had not been legally annexed.

These objections, if they were made in a direct attack, are clearly covered, and come within the rule laid down by this court in the case of City of Logansport v. LaRose, 99 Ind. 117. We deem it unnecessary to set out the evidence in detail, but it clearly appears that from ten to fifteen years the city had exercised control over the additions in which the lots were situated, action having been taken in regard to the annexation of some of the additions in 1870, and some in 1873; the appellant had lived in one of the additions for a number of years, had voted in the town, had been elected and held the offices of town trustee and of school trustee. The city had expended large sums of money in improving the streets of each of the additions; had expended large sums of money, and incurred a large indebtedness in erecting a school building to accommodate the school children of the town, including such annexed territory, a portion of which indebtedness remained unpaid; the residents of the addi-

tions had voted in the town, and in the wards of which they constituted a part, and had enjoyed the school privileges of the town since the action whereby the board of trustees attempted to annex the same, and a portion of them had paid the town taxes assessed against their property, and large sums had been expended for improvements made in such annexed territory. Clearly, under the circumstances, it would be inequitable and unjust to allow the appellant, at this late day, to question the validity of the annexation proceedings, and defeat the lien against his lots situate in said territory, on the grounds that the strict letter of the law had not been complied with in making the annexation; but the objections urged to the legality of these proceedings by counsel for appellant are not available in a collateral attack such as is attempted in this case.

In each of the years 1883, 1884 and 1885, there was made out and signed by the president and clerk of the board of trustees a written statement showing that the board of trustees met on a certain day in May in each year, and was called to order by the president, showing the names of the members of the board present; that it was ordered that a tax of 50 cents on each $100 of taxable property be levied for additional special school, and a certain sum for each poll to pay outstanding bonds, a certain sum for corporation purposes, and that the town clerk was ordered to deliver a certified copy of the levy to the auditor of Boone county, Indiana; and that the auditor be authorized and directed to make the proper tax duplicate in accordance with said levy, and deliver the same to the treasurer of Boone county, Indiana, for collection; that the board adopted the assessment and valuation of property, theretofore made by the assessor of Jackson township, Boone county, Indiana, showing that there was no further business, and the board adjourned.

This appears to be signed by the president and clerk.

Indorsed on the back of the 1883 statement is the following:

"Levy of taxes for 1883 by board of Jamestown.

"Accepted and approved by the board of commissioners at their June term, 1883.

"S. W. CAMPBELL.

"Filed June 4th, 1883.

"JOHN M. BALL,

Auditor Boone county."

A like statement is indorsed on each of the others.

The appellant objected to the introduction of these papers in evidence, but they were admitted. Section 3353, R. S. 1881, authorizes the trustees of towns, at their option, to deliver the tax duplicate to the county auditor on or before the 1st day of August in each year, instead of the marshal of such town, and requires the auditor to enter such tax, and, if delinquent, the interest and penalty thereon, upon his duplicate. Instead of following the law in making out a duplicate, it would appear that the board fixed the rate of taxation, adopted the assessment made by the assessor of the township in which the town was situated, certified their action to the auditor and directed him to make out the proper duplicate and deliver the same to the treasurer. It is not suggested by counsel that the auditor did not make out the proper duplicate based on the levy fixed by the board. It was proper to show just what steps were taken by the board in relation to the levy of the taxes, and this evidence was admissible to show just what was done in that behalf. It was not a strict compliance with the law in making out a tax duplicate and delivering it to the county auditor, but it fixed the rate of taxation, adopted the township assessment and certified the same to the county auditor, with direction to him to make out the duplicate, and gave him the data from which to make it, and placed it in the hands of the treasurer for collection. We are not cited to any statute

Scarry *v.* Lewis.

absolutely requiring the action of the board determining the amount of tax to be levied for the current year to be entered of record. Section 3348 requires the board to determine the amount of general tax for the current year before the third Tuesday in May, but it is no doubt contemplated by the law that a record should be made of the action of the board, and it would be proper practice to make a record. In this instance the action of the board was reduced to writing and signed by the president and clerk. While this was not a strict compliance with the statute, neither was it such an omission as in this instance would render the rule absolutely void as being made without authority of law, as the recitals in the deed show the sale to have been made for the taxes for the years 1874, 1875, 1876, 1878, 1879, 1880, 1881, 1882, 1883, 1884, 1885 and 1886.

Counsel for appellant has ably discussed many objections to the validity of the sale, by reason of omissions and irregularities presented by the record, which would render the sale invalid for the purpose of conveying title, but none of which make the sale invalid for the purpose of transferring the lien to the purchaser. It does not appear that the lots were not subject to taxation or that the taxes were paid, or that the description was so defective as to not identify the land, or that the sale was without authority of law. We find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed February 24, 1892; petition for a rehearing overruled December 15, 1892.