## HOLBROOK ET AL. *v.* KUNZ.

[No. 6,266. Filed February 18, 1908.]

1. PLEADING.—*Complaint.*—*Tax Sales.*—*Foreclosure of Lien for Purchase Money.*—A complaint showing that taxes were assessed against the real estate in controversy; that they were delinquent; that the real estate was sold to pay same, and that plaintiff purchased the property at such sale, is sufficient, where the foreclosure of a lien for the money so paid is all the relief that is prayed, defects in the sale being wholly immaterial, unless it is shown that the property was not subject to taxation; that the taxes had been paid, or that the description was a nullity. p. 262.

2. TAXATION.—*Sales for Less Than Amount Due.*—*Appeal.*—That the land in controversy was sold for less than the amount of delinquent taxes due, does not destroy the purchaser's lien for the sum paid; and the owner cannot be heard to object to the lien for that reason. p. 264.

3. SAME.—*Tax Deeds.*—*Liens.*—*Evidence.*—The introduction in evidence of the ordinary tax deed is *prima facie* sufficient to establish the holder's right to a lien on the described land for the sum paid. p. 264.

4. SAME.—*Tax Deeds.*—*Evidence.*—*Regularity of Sales.*—The collection of city taxes is governed by §4247 Burns 1901, §3263 R. S. 1881, and §10429 Burns 1908, Acts 1891, p. 199, §254; and a tax deed executed by the city treasurer is *prima facie* evidence of a lien for the amount paid. p. 264.

5. TAXATION.—*Liens.*—*Discharge.*—*Payment.*—The only way to discharge a tax lien is to pay it. p. 265.

6. APPEAL.—*Parties.*—*Improper.*—*Reversal.*—Appellants have no standing to ask for the reversal of a decree foreclosing appellee's tax lien on the ground that others—not parties to the suit—are the real owners of the land. p. 265.

7. SAME.—*Parties.*—*Record.*—A decree reciting: "Come the parties and the court being sufficiently advised," etc., presumptively shows that the parties were before the court. p. 265.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by George Kunz against Stella S. Holbrook and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Givan & Givan,* for appellants.

*Warren N. Hauck, Roberts & Cravens* and *Louis B. Ewbank,* for appellee.

COMSTOCK, J.—Suit to quiet title to lands purchased at a tax sale, and asking that a lien be declared for the purchase money if the tax deed be found ineffectual to convey title. Appellee's complaint was in two paragraphs. The first is a statutory complaint to quiet title. The second, briefly stated, alleges that the appellee is the owner of inlots No. 29 and No. 30 in the city of Lawrenceburg, Indiana; that prior to February 12, 1902, there were assessed against said lots, for the years 1889 and to and including 1901, taxes by said city of Lawrenceburg—further alleging the various steps taken by its authorities in the listing and assessing of taxes therein; that said lands are assessed in the name of William P. James; that said James and wife are dead, leaving the appellant, Stella Holbrook, as their only heir at law; that said real estate was sold for delinquent taxes thereon, by the city treasurer, on February 12, 1902, at the door of the court-house in the city of Lawrenceburg, and bid in by the appellee; that on November 13, 1904, the city clerk of said city executed to plaintiff the

conveyance for said real estate, a copy of which is filed with and made a part of said paragraph as an exhibit. Appellants' separate and several demurrers for want of facts to the complaint were overruled. Subsequently appellants separately demurred to the second paragraph of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against said defendants, which demurrer was also overruled. Each of said appellants then filed a general denial to the first and second paragraphs of the complaint. The cause being submitted to the court for trial, the court found that the appellee's tax deed, executed to George Kunz by the clerk of the city of Lawrenceburg, on February 13, 1904, was insufficient to convey title to the real estate therein described, but that the appellee had purchased at tax sale the property described in the complaint for $923.55 of delinquent taxes that were due thereon and were paid by appellee, and that he was entitled to a tax lien on said property, including the taxes subsequently paid, amounting to $1,756.35, for which sum the court decreed a foreclosure of the tax lien.

The errors assigned are the overruling of the separate demurrers to the second paragraph of the complaint and the overruling of appellants' motion for a new trial.

The finding in favor of the appellee is based upon the second paragraph of the complaint. It is claimed in behalf of appellant that this paragraph is fatally defective,

1.   because it affirmatively shows that the treasurer of the city of Lawrenceburg sold to appellee in-lots No. 29 and No. 30 for a sum less than the taxes due, penalty, interest, advertising, cleaning gutters, cutting weeds and other charges, said paragraph affirmatively alleging that the total amount due was $1,065.48, and that the lots were sold for $923.55, or $141.93 less than taxes, penalty and interest charges due thereon. The foregoing designation of defects is followed by reference to §10356 Burns 1908, Acts 1891, p. 199, §185, which provides that the treasurer shall

commence the sale of such lands and shall continue the same from day to day until so much from each parcel assessed, or belonging to each person assessed, shall be sold as will pay the taxes, interest and charges thereon or chargeable to such person in said county. The person offering at said sale to pay the required sum for the least quantity of any tract shall be considered the purchaser of said quantity. It is pointed out that it is alleged that notice was regularly given that said city treasurer would sell the lots at the door of the court-house in the city of Lawrenceburg on the second Monday in February, 1902, being February 10, 1902; that if sales by the city treasurer were governed by the statute providing for county and state taxation sales, then the notice given as alleged was not such notice as the statute (§10355 Burns 1908, Acts 1891, p. 199, §184) requires; that if the city treasurer in said sales is governed by the general law for the incorporation of cities, then said sale was not made according to the statutory provision (§3526 Burns 1901, §3091 R. S. 1881), and that therefore due notice was not given. In this paragraph appellee asked that if, upon the final hearing, his title is found to be invalid for any cause, or any defect or uncertainty, or that the conveyance from said clerk is insufficient to convey, said real estate may be sold for the payment of the amount found to be due appellee on account of the sum bid and paid by him and interest on all subsequent payments made by him for taxes, with interest thereon, and that the equity and right of redemption of appellants and all persons claiming through them be barred and foreclosed. The paragraph alleges that the taxes assessed were assessed on the real estate in controversy; that they were delinquent; that the real estate was sold to pay said delinquent taxes; that appellee purchased and paid for said lots at said sale. Under the statute and decisions he was entitled to foreclosure without reference to the validity of the sale, unless it appeared that the lands were not subject to taxation, or that the taxes had

been paid before the sale, or that the description was not sufficient to identify the land. The complaint does, however, aver that the total taxes due on February 12, 1902, including interest and penalty unpaid, were $923.55, and the deed, which was made a part of the complaint, recites that $923.55, the amount received, was the amount due; that legal publication was made of the sale of said lands, etc. Omissions and irregularities in the sale of property, subject to taxation, for taxes, may render the sale invalid to convey title, but still valid to transfer the lien to the purchaser. *State, ex rel.,* v. *Casteel* (1887), 110 Ind. 174; *Morrison* v. *Jacoby* (1888), 114. Ind. 84; *Scarry* v. *Lewis* (1892), 133 Ind. 96; *Gable* v. *Seiben* (1894), 137 Ind. 155.

A party whose land is sold for less than the amount due can have it restored to him by paying off the lien. An objection that the lien is not large enough is without force. The irregularity operated in appellants' favor, and they cannot now be heard to complain. Ewbank's Manual, §256.

Appellants further insist that the decision of the court is not sustained by sufficient evidence. The tax deed introduced in evidence recites that for a series of years the taxes were duly levied and assessed upon the land in controversy, to the amount of $923.55; that they were unpaid and returned delinquent; that the land was advertised and sold by the city treasurer and bought by appellee for said sum, and was deeded to appellee by the city clerk; that the lands were legally liable for taxation and had been duly assessed and properly charged on the duplicate with the taxes. This was sufficient to show that appellee had succeeded to the lien due for taxes under §3521 Burns 1901, §3086 R. S. 1881, but the case before us is governed in the assessment and collection of taxes by §4247 Burns 1901, §3263 R. S. 1881, and §10429 Burns 1908, Acts 1891, p. 199, §254, under

which it was also sufficient. The only way to discharge liens for taxes is to pay them. *Millikan* v. *Ham* (1886), 104 Ind. 498; *City of Logansport* v. *Case* (1890), 124 Ind. 254; *Scarry* v. *Lewis, supra.* The tax deed is *prima facie* evidence of the regularity of the sale and of the regularity of all said prior proceedings. §10380 Burns 1908, Acts 1891, p. 199, §206.

Appellants further claim that the record affirmatively shows that William Dean is the owner in fee of the lands in question, excepting the part conveyed to the Lawrenceburg & Upper Mississippi Railroad Company; that before the court can decree foreclosure of the tax lien of appellee jurisdiction must be had over the owners of said lots; that the record shows that neither Dean nor said railroad company, their successors or assigns, were in court in pursuance of legal process, in person or by attorney, or that they appeared and answered at any stage of the proceedings of said cause. If years ago said lots were conveyed to said railroad company and said Dean (the record shows the conveyance to the railroad company April 21, 1853, and to Dean June 2, 1873), and if they are not now owned by appellants, the appellants are not the real parties in interest and cannot ask a reversal of the judgment. Ewbank's Manual, §142.

The record entry of the submission of the case for trial recites: "Come the parties, and, this cause being at issue, is submitted to the court for trial without the intervention of a jury." The judgment entry also recites: "Come the parties, and, the court being sufficiently advised in the premises, finds," etc. This warrants the presumption that the parties were before the court. The land was sold as the property of William P. James, who died before the sale. The evidence is sufficient to warrant the decree for a foreclosure of the lien.

Decree affirmd.