ALBION NATIONAL BANK *v.* DEPARTMENT OF
FINANCIAL INSTITUTIONS ET AL.

[No. 3-674A97. Filed October 21, 1976.]

*Richard W. Morgan, Warren A. Deahl, Richard E. Steinbronn, John R. Harman, Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur M. Small,* Deputy Attorney General, for appellee Department of Financial Institutions; *Howard G. Heckner, Heckner & Associates,* of Ligonier, for appellee American State Bank of Ligonier.

HOFFMAN, J.—Appellant Albion National Bank appeals from the judicial review[1] of the trial court affirming an order of the Department of Financial Institutions of the State of Indiana (Department) approving the application of the American State Bank of Ligonier, Indiana (American State Bank) for the establishment of a branch bank adjacent to the town of Albion, Indiana.

The statute providing for the establishment of branch banks requires an applicant to satisfy certain criteria before being permitted to open a branch. The criterion here at issue is whether the branch bank would be located in a "city or town." IC 1971, 28-1-17-1 (Burns Code Ed.), provides, in part, as follows:

> "In all counties having a population of less than five hundred thousand [500,000] inhabitants, according to the last preceding decennial United States census, or in counties having three [3] or more cities of the second class, except as hereinafter otherwise provided, any bank or trust company may open or establish a branch bank in any city or town within the limits of the county in which the principal

1. IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.).

office of such bank or trust company is located, if there is no bank or trust company located in such city or town."

In *Pendleton Banking Co. v. Dept. of Financial Inst., et al.* (1971), 257 Ind. 363, at 367-68, 274 N.E.2d 705, at 708, our Supreme Court stated that, for purposes of the statute, a "town" includes "a compact area having a number of persons living in close proximity to one another with some degree of business being transacted within the area."

The record discloses that the town of Albion is located in Noble County, Indiana, at the intersection of State Road 8 and State Road 9. The American State Bank has its main office in Ligonier, Indiana, approximately 13.5 miles northwest of the location of the proposed bank. Appellant Albion National Bank is located within the town limits of Albion at the southwest corner of the intersection of State Roads 8 and 9.

American State Bank's original application seeking to establish a branch bank was denied by the Department on December 22, 1972, based, in part, upon the following findings of fact:

"3. That the applicant failed to establish any substantial evidence that the proposed branch bank would, in fact, be located in a town and/or community where a number of persons are living in close proximity to each other and/or with some degree of business being regularly transacted.

"4. That the area in which the proposed branch bank would be established is rural in nature as distinguished from a town or community."

On April 18, 1973, American State Bank filed a second application to establish a branch bank at a different location. The new location was on the north side of State Road 8, one-half mile east of the intersection of State Roads 8 and 9.

A hearing on this applicaion was held by the Department on July 5, 1973. During the course of the hearing, American State Bank introduced evidence that the town attorney for

Albion believed that certain annexation ordinances were invalid because they had never been published. American State Bank sought to include these areas in its statutorily required town. The areas which allegedly were never annexed include a school, a county jail, an American Legion which contains a restaurant, Fairhaven Addition which contains "many new homes", and Maplecrest Development.

The areas outside the town limits of Albion and not within the allegedly "illegally annexed" areas consist of the Leatherman Brothers businesses immediately east of the site, one house on the site, one house and church directly west of the site, and a saddle club and house. The application of the American State Bank lists the Leatherman Brothers businesses as an appliance sales, mobile home sales, an automobile sales and service, general contractors, and builders and realtors. There is also evidence of a veterinarian building and another house.

Northwest of the proposed site is a housing development, church, a Ponderosa restaurant and the Albion Bowl. The housing development is 1.1 miles northwest of the proposed site. The church is directly adjacent to the housing development and located on State Road 9. The Albion Bowl and Ponderosa restaurant are located on State Road 9 in the vicinity of the church and are a little further than 1.1 miles away. Jack Donis, the consultant for American State Bank, testified that "REMC" was going to move their facility north of the church and Ponderosa restaurant. He further testified that he was not aware of any proposals for new development north of State Road 8 and east of the town limits of Albion.

Approximately one mile east of the proposed site is the Lyall Electric complex which consists of three industrial buildings. Two miles east of the proposed site are the Skinner Lake homes which also has a dairy store and gas station.

South of the proposed site 1.1 road miles is a new supermarket and shopping center and a mobile home park.

In its order granting the petition of American State Bank to establish a branch bank, the Department found that the proposed site is located in a community having a number of persons living in close proximity and is a center of business, social, economic and educational activity. Immediately following such finding the Department referred to several pages in the transcript.

Appellant contends that the Department, in finding that the community surrounding the proposed site was a center of educational activity and by its citation to various pages of the transcript in which evidence of the illegal annexation appears, must necessarily have based its determination that the proposed branch would be located in a town either by considering certain areas and elements of the town of Albion as part of the town or community surrounding the proposed site or by determining that the annexation ordinances in question were, in fact, void. Contending that such bases for determination were error, appellant then contends there was no substantial evidence to support the finding.

Appellee American State Bank contends that the findings of fact in no way indicate that the Department determined that the annexation ordinances were void. Further, it contends that it did not collaterally attack the annexation ordinances but merely asked the Department to accept the position of the town of Albion. Finally, it contends that the change in location accompanied by the new evidence of the small shopping center and mobile home park provides substantial evidence upon which the Department could determine a town existed when considered along with the other evidence indicating the existence of a city or town.

Appellee Department of Financial Institutions likewise contends that the findings of fact contain no reference to the annexation ordinances or their validity. It further contends that the new car dealership, used car lot, mobile home sales lot, construction company, riding ring and stable, some resi-

dences and a church are located in a relatively compact area outside the town limits of Albion and is sufficient to satisfy the requirements of the *Pendleton* decision. The Department then attempts to harmonize finding of fact No. 12 by stating that in the case at bar there is a "town surrounded by a town" and that this could make the "informal town a center of business, social, economic and educational activity without those activities actually existing within the town."

The determination of whether an area can be considered a town is a question of fact. And a determination by the Department of Financial Institutions that a particular location constitutes a town is reviewable to the limited extent of determining whether there is any substantial evidence to support the finding. *Pendleton Banking Co.* v. *Dept. of Financial Inst., et al., supra.* The substantial evidence standard is not satisfied if the record clearly indicates that the administrative agency's decision lacks a reasonably sound basis of evidentiary support. *City of Evansville* v. *Southern Ind. Gas & Elect. Co.* (1975), 167 Ind. App. 472, 339 N.E.2d 562.

Disregarding for the moment, the evidence of the allegedly "illegally annexed" areas, we believe there is no reasonably sound basis for determining that a town exists. The concept of a town, as promulgated by the *Pendleton* decision, requires that there be a compact area, within which area there are (1) a number of persons living in close proximity to one another, and (2) some degree of business being transacted. The evidence, as hereinabove stated, discloses that in the immediate vicinity of the proposed site there is but the Leatherman Brothers businesses to the east, one house on the site, one house and a church directly west of the site, a saddle club and farmhouse and a veterinarian building and house. These few residences clearly would not constitute a number of persons living in close

proximity of one another. In expanding the size of the area to include the new supermarket, shopping center, and mobile home park south of the proposed site, the Skinner Lake homes east of the proposed site, and the housing development, restaurant, bowling alley and church northwest of the proposed site, the persons do not live and the business fails to be conducted within a compact area.

The supermarket, shopping center and mobile home park is "due south" of the proposed site and located south of town. The map submitted with the application depicts the area "due south" of the proposed site as being within the town of Albion. The evidence at the first hearing disclosed that to the south of State Road 8 is the town limits of Albion. In response to a question at the second hearing as to whether the area south of State Road 8 was within the town of Albion, Jack Donis testified only that "new evidence has been developed since." This evidence was the alleged "illegal annexation." Donis testified that in order to drive to this area without going through the town of Albion, one must "jog slightly to the left of our site, and right straight down and around." Consequently, the supermarket, shopping center and mobile home park south of town cannot be considered to be within a compact area with respect to the proposed site.

The housing development, bowling alley, restaurant and church are northwest of the proposed site 1.1 miles and are located on State Road 9 north of the town of Albion. Again, the map submitted with the application depicts State Road 9 as bisecting the town of Albion at its northern boundary.

One mile east of the proposed site is the Lyall Electric complex and two miles east are the Skinner Lake homes.

The evidence thus discloses at least four different clusters of activity. Furthermore, there is no indication that any of the clusters have any nexus with any other so as to be considered a compact area with regard to the proposed site.

It must therefore be concluded that these areas, considered together or in any combination, do not have a sufficient nexus to the proposed site so as to be considered one compact area.

Having determined that there was no substantial evidence upon which to determine that a town exists, we must next determine whether the Department could find such a town based upon the additional areas which were allegedly "illegally annexed" for failure to publish. The ordinance annexing Fairhaven Addition was enacted pursuant to Ind. Ann. Stat. § 48-706 (Burns 1950 Repl.[2]), which provides as follows:

"Annexing lots to towns.—Petition and order.—When two-thirds of the owners of a tier of outlots adjoining an incorporated town shall sign a petition asking that the corporate limits of said town be extended so as to include said outlots, the board of trustees of said town shall cause said petition to be recorded, and make an order that said tier of outlots shall thereafter be included in and constitute a part of said corporation. Whenever there shall be lots laid off and platted adjoining to or within such town and a record of the same is made in the recorder's office of the proper county, the board of trustees may, by resolution, extend the boundary of such town so as to include such lots, whether improved or not; and the lots thus annexed shall thereafter form a part of such town, and will be within the jurisdiction of the same. A copy of such resolution, with plat or map of such survey defining the metes and boundaries of such addition, shall be immediately filed and recorded in the office of the recorder aforesaid, and said tier of outlots and said lots annexed as last specified shall be included in and constitute a part of said corporation, and the inhabitants residing therein and owners thereof shall be subject to all the laws and regulations and entitled to all the privileges of said corporation."

This statute did not provide for publication. Generally, publication of ordinances is not necessary to their enactment or validity unless required by statute. 5 McQuillin Mun. Corp. § 16.76 (3d Ed. 1969).

---

2. Ind. Ann. Stat. § 48-706, Acts 1909, ch. 183, § 1, p. 449, was repealed by Acts 1959, ch. 240, § 17, p. 575.

The supplemental verified statement of Louis G. Ketcham, town attorney for Albion, states that each ordinance was initially instituted upon the petition of the landowners involved. His verified statement listed the other ordinances as having been passed between April 7, 1964, and August 17, 1971, and were certified to the auditor of Noble County who placed said areas in the town of Albion tax records for real estate tax purposes. Thus, such ordinances dated from April 7, 1964 to March 4, 1969, were enacted pursuant to Ind. Ann. Stat. § 48-713 (Burns 1963 Repl.).[3] This provision permitted annexation by towns in the same manner as provided for annexation by cities. Thus, the ordinances were passed under the procedure of Ind. Ann. Stat. § 48-701a (Burns 1963 Repl.).[4] The remaining two ordinances were passed under authority of IC 1971, 18-5-10-30 (Burns Code Ed.), which permits annexation by town pursuant to IC 1971, 18-5-10-23 (Burns Code Ed.).

Appellee American State Bank contends that it was not collaterally attacking the annexation ordinances, but merely asking the Department to accept the position of the town of Albion. However, by introducing evidence that the annexation ordinances were never published and by relying on the "illegally annexed" areas to constitute its town, American State Bank was attempting to collaterally attack the annexation ordinances. However, assuming *arguendo* that publication was required under these statutes, such would not render the ordinances subject to collateral attack. A collateral attack may be maintained only where the annexation was made by a body or tribunal acting without jurisdiction or power to make the annexation, *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N.E. 17; and is not available as to errors, irregularities and informalities not

3. Ind. Ann. Stat. § 48-713, Acts 1959, ch. 240, § 13, p. 570 was repealed by Acts 1969, ch. 239, § 8, effective January 1, 1970.

4. Ind. Ann. Stat. § 48-701a, Acts 1905, ch. 129, § 242(a), as amended, was repealed by Acts 1969, ch. 239, § 8, effective January 1, 1970.

going to the jurisdiction of the tribunal. 20 I.L.E. *Municipal Corporations*, § 14, at 346.

In *Johnson* v. *City of Indianapolis, supra*, a predecessor statute to Ind. Ann. Stat. § 48-701 (Burns 1963 Repl.), providing for publication immediately after passage was interpreted as not affecting the jurisdiction of the common council to pass such an ordinance. There the court at 696-97 of 174 Ind., at 20 of 93 N.E., stated:

> "It is evident that the publication of an annexation ordinance is not by the provisions of § 8896, *supra*, [Acts 1905, ch. 129, § 242, p. 388] made a condition precedent to its passage, or, in other words, it is not required to be first published before it can legally be adopted by the common council; but publication is merely made a condition subsequent to its passage, the very purpose of such publication is to notify property owners, and others concerned, that the lands described in the ordinance have been annexed to and made a part of the city's territory. This is made evident by § 8897, *supra*, [Acts 1905, ch. 129, § 243, p. 388] which provides that the appeal therein awarded to the superior or circuit court of the county is to be taken 'within ten days after the last publication provided for in the preceding section.'
>
> *"A failure to publish the ordinance as required could not affect the jurisdiction or power of the common council in the adoption thereof,* but the effect of a failure legally to publish the ordinance possibly would be to render it inoperative until the required publication had been made." (Emphasis added.)

It is thus clear that the failure to publish under Ind. Ann. Stat. § 48-701, *supra*, would not affect the jurisdiction or power of the town council in the adoption of the ordinance. Moreover, in the case at bar, the persons residing in the "illegally annexed" areas have paid real estate taxes to the auditor of the town of Albion from the date of certification of the ordinances to the auditor. Furthermore, the persons residing in the "illegally annexed" areas have obtained town services including water, sewage, street maintenance, and police and fire protection. Finally, all persons residing

within the areas have been eligible to vote in all town elections.

Consequently, the annexation by a tribunal having jurisdiction and power to annex followed by the use and benefits of the governmental powers by both the town and the persons residing in the annexed territory constitutes a defacto annexation. And, the validity of a defacto annexation cannot be collaterally attacked by a private individual. Annot. 18 A.L.R. 2d § 2, p. 1259. *See also, Scarry* v. *Lewis* (1892), 133 Ind. 96, 30 N.E. 411. The annexation ordinances could not therefore be attacked in these proceedings.

Reversed and remanded for proceedings not inconsistent with this opinion.

Garrard, J., concurs; Staton, P.J., concurs in result, with opinion.

## CONCURRING OPINION

STATON, P.J.—I concur in result. American State Bank of Ligonier did not have standing to question the validity of the annexation. The Department of Financial Institutions did not have jurisdiction to determine the validity of the annexation. When the Department decided to ignore the limitations placed upon its decision by the annexation, it committed reversible error.

NOTE.—Reported at 355 N.E.2d 873.