**ENCHANTED HILLS COMMUNITY ASSOCIATION, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS Respondent.**

No. 43T05–8712–TA–00065.

Tax Court of Indiana.

Oct. 18, 1988.

J. Everett Newman, III, Wigent & Newman Law Office, Ligonier, for petitioner.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Petitioner, Enchanted Hills Community Association, Inc., appeals the State Board's final determination denying exemption for the year 1985. The exemption was claimed under IC 6–1.1–10–5 and pertained to property owned by the association and related to its function as a community association. The property included a garage for equipment, play and recreation areas, a swimming pool, walkway easements, a meeting hall, a tornado shelter, a marine storage area, a pond, channel and dam access, a boat ramp, a picnic area, a location for a township fire station, a community beach, and parking for the pool and fire station. The fire station was deeded to Turkey Creek Township. The case is before this court on the State Board's motion for summary judgment.

Enchanted Hills claimed exemption under IC 6–1.1–10–5. The State Board interpreted the statute to allow exemption only to property owned by cities and incorporated towns and used to provide municipal services. It denied the exemption because Enchanted Hills was not incorporated as a town. IC 6–1.1–10–5 provides:

(a) Property is exempt from property taxation if it is owned by a city or town and is used to provide a municipal service.

(b) For purposes of this section, property used to provide a municipal service includes:

(1) a public school or library;

(2) a municipally owned park, golf course, playground, swimming pool, hospital, waterworks, electric utility, gas or heating plant, sewage treatment or disposal plant, cemetery, auditorium, or gymnasium; and

(3) any other municipally owned property, utility, or institution.

Enchanted Hills relies on *Pendleton Banking Company v. Department of Financial Institutions* (1971), 257 Ind. 363, 274 N.E.2d 705, as authority for the proposition that "town" should be interpreted in this case to include communities which are not incorporated as towns but meet certain factual criteria. The issue in *Pendleton* was whether an unincorporated community met the criteria set out in 1953 Attorney General's Opinion No. 33. The Attorney

General's Opinion had been used for several years as a guide for the establishment of branch banks in unincorporated communities. The court determined that Huntsville, an unincorporated community, met the criteria of the Attorney General's Opinion, and was a "town" as that term was used in the banking statute. Although the Supreme Court was not deciding what the meaning of "town" should be, it did accept the reasoning of the Attorney General that "town" may, at least for banking purposes, include unincorporated entities.

Enchanted Hills' reliance on *Pendleton* is misplaced. The term "town", as understood in its popular sense, may or may not imply incorporation. 87 C.J.S. *Towns* § 2 (1954). Thus, reference to dictionaries or the parameters of the common man's understanding of the term is unproductive. The meaning of the term is dependent upon the legislative intent of the statute being interpreted. As used in IC 6–1.1–10–5, "town" should be interpreted to refer to only incorporated towns because allowance of an exemption to Enchanted Hills is plainly repugnant to the intent of the language used in Article 10 § 1 of the Indiana Constitution and to the intent of the Legislature in enacting the statute.

The intent of the Constitutional provision was explained by the Supreme Court in *Chadwick v. City of Crawfordsville* (1940), 216 Ind. 399, 24 N.E.2d 937. As a legislative enactment, IC 6–1.1–10–5 must be consistent with the Constitution. In *Chadwick*, the court noted that the Constitution permits the exemption of property "for municipal, educational, literary, scientific, religious, or charitable purposes." 24 N.E.2d at 941. It further noted,

> The word "municipal," in the narrower sense, means pertaining to a local governmental unit, commonly, a city or town. In its broader sense it means pertaining to the public or governmental affairs of a state or nation or of a people.

> In one sense the term "municipal purposes" is broad enough to cover any purpose which government may achieve, while in the narrower sense the term may refer only to cities and towns and such other local governmental agencies as may be established for special purposes.

*Id.*

The court then explained that the Constitution uses "municipal" in the narrower sense. *Id.* at 942. The term must be construed to allow exemption for "the purposes of municipal corporations." *Id.* Thus, the exemption is not available to entities which are not structured as municipal corporations.

The court cannot agree with Enchanted Hills that the State Board's interpretation of IC 6–1.1–10–5 renders IC 6–1.1–10–4 meaningless. IC 6–1.1–10–4 provides that all property of a political subdivision is exempt from property taxation unless otherwise provided by law. Cities and towns are political subdivisions. IC 6–1.1–1–12. IC 6–1.1–10–5 is not an additional exemption, but provides the exception to IC 6–1.1–10–4 in that it grants exemptions only for property owned by cities and towns not using the property in a proprietary manner.

The State Board's final determination that IC 6–1.1–10–5 allows exemption only to towns which are incorporated is not arbitrary, capricious, or contrary to law. Accordingly, the State Board's motion for summary judgment is granted.

ORDERED this 18th day of October, 1988.